GEO. P. THOMAS & CO. v. M. J. WRIGHT.

*Deceit—Guaranty—Pleading.*

Where the complaint contained two causes of action ; (1) that the de-
fendant was liable as a guarantor upon a letter written to the plain-
tiff in reply to an inquiry as to the solvency of an applicant for
credit, in which it was stated that " I have no fear in becoming re-
sponsible for the goods, but dislike to be troubled with the settle-
ment of other merchants bills.  *  *  *  I see no reason you should
doubt him and ask for security.  I recommend him as being a safe
man to sell to, and I think you ought to allow him credit.  *  *  *
His credit is good here, as I furnish him with all his groceries and
supplies.  I hope you will ship his goods at once.  *  *  *  I will
look to your interest in this matter ;" and (2) that the statements
contained in the said letter were false and so known to the defend-
ant, and were fraudulently made with the intent to deceive plaintiff
and did deceive him, and thereby he suffered damage ; *Held,*

1. That the facts stated in the first cause of action did not constitute the
defendant a guarantor.

2. That the facts alleged in the second cause of action were sufficient to
entitle the plaintiff to damages for deceit.

(*Stafford* v. *Newsom,* 9 Ired., 507, and *Erwin* v. *Sherrill,* Tay., 1, cited
and approved).

CIVIL ACTION, tried before *Avery, Judge,* at Spring Term,
1887, of BEAUFORT Superior Court.

The plaintiff, G. P. Thomas, doing a mercantile business
in Baltimore in the firm name of G. P. Thomas & Co., in
October, 1885, sold and sent to Marion Scott Wright, residing
in Beaufort county, in this State, upon his application, a lot
of spirituous liquors, for the recovery of the value of which
the present action was brought against the defendant, brother
of said Marion Scott Wright, on April 8, 1886.

The complaint presents the claim in a two-fold aspect and
in separate causes of action.  The first alleges that the goods
were sent under a guaranty contained in a letter written by

defendant in answer to an inquiry by the plaintiff as to the means and credit of Marion Scott Wright, which letter is in these words:

WASHINGTON, N. C., Oct. 7, '85.

MESSRS. G. P. THOMAS & CO.

*Dear Sirs:* Yours of the 2d at hand and contents noted. In reply should say that I have no fear in becoming responsible for the goods, but dislike to be troubled with the settlement of other merchants' bills. I know he has bought a great many liquors from you and has paid you up promptly. I see no reason why you should doubt him and ask for security. I recommend him as being a safe man to sell to, and I think you ought to allow him some credit, as he has never deceived you. His credit is good here, as I furnish him all his groceries and supplies. I hope you will ship his goods at once, as I see no good reason why you should not. I will look to your interest in this matter.

Yours respectfully,

M. J. WRIGHT.

This communication, it is alleged, acted upon by the plaintiff, imposed the obligation of a guaranty in terms, but if not, they were so understood by the plaintiff, who, upon the goods being sent, advised the defendant by letter of his understanding of their import, to which no response was made, and thereby such became their import and legal effect.

The second cause of action alleges the statements contained in the letter to be false and fraudulent within the defendant's knowledge, and intended to mislead and deceive the plaintiff, and that he was thereby misled and deceived in giving the desired credit to the said Marion Scott, who is and then was insolvent and irresponsible.

18

---

---

The answer controverts the material averments of the complaint, and while no issues were framed for the jury, they were empanelled to try the matters in controversy between the parties.

The Court having intimated an opinion that neither of the causes of action set out facts sufficient to entitle the plaintiff to relief, he suffered a nonsuit and appealed to this Court.

Mr. *W. B. Rodman, Jr.,* for the plaintiff.
No counsel for the defendant.

SMITH, C. J., (after stating the case). While we are disposed to concur in the opinion that the letter is not itself a guaranty, and is not made such in law by the plaintiff's communication of his own misconstruction of its import, so that an action can be maintained upon it as a contract, we think the second count does show facts sufficient to constitute a cause of action. It contains every essential element entering into the action for deceit, resulting in damage to the trusting and defrauded creditor.

Information was sought before the goods were sold by the plaintiff; and the facts stated in answer, and upon the faith of which the goods were parted with, were untrue, *known to the defendant to be untrue,* and were so falsely set forth as that they were calculated and intended to deceive and mislead, and to induce the plaintiff through misplaced confidence to trust the applicant, and that he was thus misled through falsehood and fraud, and induced to part with his property to his hurt and damage. When these conditions exist, the legal liability results. 2 *Greenl. Ev.,* §227; *Thompson* v. *Bond,* 1 Camp., 4; *Stafford* v. *Newsom,* 9 Ired., 507, and numerous rulings in the different States to this effect, enumerated in 6 U. S. Dig., Title Fraud, §130; *Irwin* v. *Sherrill,* Tay., 1.

There was, therefore, error in the ruling upon the second count, for which there must be a new trial, and it is so adjudged.

Error.                                    *Venire de novo.*