L. H. CALDWELL, Executor, v. ISAAC BATES, et al.

*Action Against Bank Directors—Fraudulent Conduct— Negligence—Mismanagement of Bank—Right of Depositor to Sue Directors Individually—Liability of President—Pleading.*

(The opinion of Associate Justice CLARK furnishes the syllabus.)

CIVIL ACTION, heard before *Norwood, J.*, at Spring Term, 1895, of ROBESON Superior Court, on complaint and demurrer. The demurrer was overruled and defendants appealed. The facts are substantially the same as those governing the cases of *Solomon* v. *Bates, ante,* and *Tate, Treasurer,* v. *Bates, ante.*

*Messrs. F. H. Busbee* and *McNeill & McLean*, for plaintiff.

*Messrs. D. L. Russell, H. G. Connor, Ricaud & Weill* and *P. D. Walker*, for defendants (appellants).

CLARK, J.: This case presents substantially the same points as *Solomon* v. *Bates* at this Term, the plaintiff in this case, as in that, being a depositor who had lost by the insolvency of the bank, and the defendants being the same in both cases. Corporate interests are increasing steadily in importance and have become intimately connected with every phase of life. It is necessary to define accurately the duties, rights and obligations of corporations and the responsibilities of their managers to the public and to their own stockholders. Without reiterating the reasoning and authorities in the case of *Solomon* v. *Bates*, it is sufficient to sum up the conclusions at which the Court arrived in that case:

1. It is not a misjoinder of causes of action to join in the same action brought against the directors individually a cause of action for gross negligence in the discharge of their duties, whereby the plaintiff was injured, with causes of action for the fraud and deceit of the directors in making false statements and misrepresentations of the condition of the bank, whereby the plaintiff was induced to deposit his money in the care of the bank.

2. That the directors are jointly and severally liable for their *torts*, and the corporation itself can be joined or not at the election of the plaintiff.

3. That where it is admitted by demurrer, or otherwise, that the corporation is insolvent, it is not necessary to exhaust remedies against it before suing the directors for wrongs caused by their negligence, fraud or deceit.

4. That an action can be brought by a depositor or

other creditor, and even by a stockholder, for such *torts* against the president and directors without having first applied to the corporation or its receiver to bring such action and being refused.

5. That it is not necessary to allege that " when the plaintiff deposited his money, the directors knew or believed he would not get it back, or intended by deceit to get it from him or cause him to lose it," but that it is sufficient to allège that the bank being insolvent the defendants caused false and fraudulent statements of the condition of the bank to be published, representing it to be solvent and with capital stock unimpaired, and declaring dividends with a view to conceal its insolvent condition and procure deposits, and that the plaintiff was deceived thereby into making the deposit which he is seeking to recover.

6. That the directors are liable for gross neglect of their duties, and mismanagement—though not for errors of judgment made in good faith—as well as for fraud and deceit.

7. That if false and fraudulent statements of the condition of the corporation are put forth under the authority of the directors, it is not necessary that they should know them to be such; it is their duty to know them to be true, and they are liable for damages sustained by any one dealing with the corporation, relying on the truth of such official reports.

8. That the same liability attaches to the president or other managers as to the directors in like cases.

The motion of the defendants made in this action to strike out all allegations of misfeasance and nonfeasance was therefore properly denied, nor was there ground to grant the motion to order a repleader.

No Error.