The complaint was as follows:
The plaintiff above named, complaining of the defendants above named, says, for a first cause of action:
1. That the plaintiff, S. McD. Tate, was, on 20 November, 1892, and continually since has been, and still is, Treasurer of the State of North Carolina, and, as such treasurer, is, under the Constitution and *Page 173 
laws of said State, charged with the trust and duty of suing for and collecting all money due to the State; and the said Tate is successor in office of one Donald W. Bain, now deceased, who for many years prior to 10 November, 1892, was treasurer of the said State, charged with all the duties of said office.
2. That the Bank of New Hanover, hereinafter called `the bank,' was, on 1 January, 1888, and for many years before that time had been, and thence continually up to 19 June, 1893, was a banking corporation, duly organized under its charter of corporation, as contained in Private Laws 1871-'72, ch. 31, and, as such banking corporation, was authorized to carry on in all its branches, and did at such times carry on, the business of banking in the city of Wilmington, N.C. and elsewhere, by branches, in said State; and that the (290) stockholders of said corporation were by its charter authorized to elect a board of directors, and that the directors so elected were authorized and required to choose a president and vice president to serve during the continuance in office of said directors.
3. That, as plaintiff is informed and believes, the defendants Isaac Bates, George W. Williams, John Wilder Atkinson, W. I. Gore, F. Rheinstein and H. Vollers were, on 1 January, 1889, and thence continually up to 19 June, 1893, directors of the Bank of New Hanover, duly elected from time to time by the stockholders, and charged by law with all the powers and authority necessary to govern the affairs of a corporation, and charged with the duty of carefully, honestly and faithfully administering its affairs, and of carrying out the by-laws of said bank, framed to insure an honest administration of its affairs, and with the further duty of protecting the depositors in said bank from any danger of loss, as is hereinafter more particularly set forth.
4. That, as plaintiff is informed and believes, the defendant Isaac Bates was, at the times above mentioned, president of the said bank, and George W. Williams, at said times, was vice president of the said bank, charged with the duty of carefully and faithfully supervising the affairs and protecting the interest of said bank and its stockholders and depositors, and of carefully investing and protecting the moneys in the custody of the said bank, and charged with the other duties as set forth in the by-laws of the said bank, as is hereinafter more particularly set forth.
5. That under the by-laws of the said bank, duly adopted by its stockholders and directors, amongst other duties, it became the duty of the directors actively to manage and superintend the business affairs of the said bank, and to meet each Tuesday and examine (291) the discount book of said bank, containing a statement of all loans made, with the names of the parties to whom made, the amount of *Page 174 
loans, the securities given and the time when due; to appoint each three months a committee of two from the board of directors to examine the books of the said bank, its valuable effects and other matters; to count the money on hand, to compare with the books and to report to the board of directors.
6. That the defendants, in violation of their duty as directors, as plaintiff is informed and believes, failed and neglected to appoint such a committee each three months to examine into the condition of the said bank, and to require said committee to report to the said board; and failed and neglected to meet each Tuesday and to examine the discount book or to inquire into the solvency of the loans made by the said bank, as they were in duty bound to do.
7. That by reason of the failure of the defendants to perform such duty, loans of large sums of money were made from time to time by the said bank to insolvent persons upon inadequate security; the assets of the bank were wasted, and the said bank became insolvent about the year 1889, or earlier, and such insolvency continued to grow worse and worse from year to year, until the bank closed its doors, on 19 June, 1893.
8. That there was a meeting of the stockholders of the said bank required to be held and actually held every year, and that at each of said meetings, after the said bank became insolvent in 1889, or before, the defendants, as directors, willfully and fraudulently made (292) statements of the condition of the said bank, showing that the bank was solvent, that its capital stock was unimpaired and that there was a surplus on hand; and each year an annual dividend was declared and paid, amounting to between $20,000 and $25,000; that such false and misleading statements, and the fact that the dividend had been declared, were published in the newspapers of Wilmington, with the knowledge and consent of the defendants, all of whom were at the time mentioned and still are citizens and residents of Wilmington.
9. That since the year 1889 the said defendants, as directors, willfully and fraudulently caused semi-annual statements to be published in the newspapers of Wilmington, sworn to by the president or cashier of the said bank and attested and verified by three of the said directors, showing in substance that the said bank was solvent, its capital stock unimpaired and that it had a surplus on hand, and that all the defendants acquiesced in or participated in making such statements.
10. That the said statements were made and published by the defendants, as plaintiff is informed and believes, for the purpose of establishing the credit of the said bank, and in order to conceal its *Page 175 
real insolvent condition, and to induce the public to deal therewith and to deposit money therein.
11. That at the times the dividends were declared and paid since the year 1889, and at the times said statements were published and made, as plaintiff is informed and believes, the said bank was utterly insolvent, and that the said statements were untrue, and that all the defendants knew the same to be untrue, or negligently failed to acquaint themselves with the facts and the true financial condition of the said bank, as by law they were required to do, and permitted such false statements to be made and published as a true statement of the exact financial condition of the said bank.
12. That, as plaintiff is informed and believes, the plaintiff's (293) predecessor in office, D. W. Bain, knew that the said dividends were declared, and saw or was informed of said statements published in said newspapers, and the said D. W. Bain, as treasurer, believing the same to be true and relying thereon, and upon the statements made directly to him as treasurer, as herein set forth, from time to time deposited in the said bank to his credit as treasurer large sums of money; and the plaintiff, also knowing of the declaration of the said dividends, and seeing and hearing the said statements published as aforesaid, permitted a large part of the sums then deposited, and other sums deposited by sheriffs to the credit of the plaintiff from time to time, to remain in the said bank, except such parts as were drawn from the said bank from time to time; and on 19 June, 1893, there remained a balance due to the plaintiff, as treasurer in said bank of $15,000.
13. That on 19 June, 1893, the insolvency of the said bank became notorious, and on that day it closed its doors and ceased to do business; that it was shortly thereafter placed in the hands of a receiver, and is wholly insolvent, and that plaintiff has demanded payment of the said sum due by the said bank, of the receiver, which has been refused.
14. That by reason of the negligence and the fraudulent acts of the defendants, the plaintiff, as treasurer, has been damaged and suffered loss to the amount of $15,000, with interest from 19 June, 1893.
And for a second cause of action —
15. Repeat paragraphs 1 and 2 of the first cause of action.
16. That, as plaintiff is informed and believes, the defendants Isaac Bates, George W. Williams, John Wilder Atkinson, W. I. Gore, Clayton Giles, F. Rheinstein and H. Vollers were, on (294) 1 July, 1892, and thence continually up to 19 June, 1893, directors of the Bank of New Hanover, duly elected and qualified, *Page 176 
and charged by law with all the powers necessary to administer the affairs of said bank, and charged with the duty of honestly, carefully and faithfully administering its affairs and of obeying and carrying into effect the by-laws of said bank and the statute laws of North Carolina.
17. That, as plaintiff is informed and believes, the defendant Isaac Bates was, at the time above mentioned, president of the said bank, and George W. Williams at said time was vice president of the said bank, charged with the duty of carefully and faithfully supervising the affairs and protecting the interest of said bank and its stockholders and depositors, and of carefully investigating and protecting the moneys in the custody of the said bank, and charged with the other duties, as set forth in the by-laws of the said bank, as is hereinafter more particularly set forth.
18. That under the law of North Carolina it became the duty of the defendants to make a statement to the State Treasurer of the financial condition of the said bank on 30 September, 1892, within ten days from such 30 September, 1892, and to have such statement published in a newspaper printed in Wilmington, which statement was required to be verified by the oath of the president or cashier and attested by at least three directors of the said bank.
19. That on 10 October, 1892, the said bank, through its proper officers, the defendants, all of whom were members of the board of directors, made to the Treasurer of North Carolina a report of the condition of the said bank, as required by law, which report was filed in the office of said treasurer on 13 October, 1892, a (295) copy of which is hereto appended; and a statement was also printed in a daily newspaper published in the town of Wilmington, N.C. The said report was made upon a blank furnished by the State Treasurer, and was verified by the oath of W. L. Smith, cashier, and attested by the defendants I. Bates, W. I. Gore and Clayton Giles. All of the other defendants acquiesced in said report, as plaintiff is informed and believes, and not one of the defendants protested or objected to any item in said report.
20. That, as plaintiff is informed and believes, the statements in said report were untrue and fraudulent; that the resources were unduly magnified; that there was stated to be a surplus fund of $109,167.11, while in truth there was no surplus; that the loans and discounts, not upon real estate, were stated to be $1,381,319.01, while in truth and fact this statement included several hundred thousands of dollars of loans and discounts which were utterly valueless; that the uncollectible or questionable debts were stated to be "$10," meaning $10,000, when in truth there were not less than $500,000 to *Page 177 
$700,000 of questionable debts; that the individual liabilities of directors as payers was stated to be $20,000, when it was in fact several times that sum, and in many other respects this statement was untrue, fraudulent and misleading.
21. That all the defendants knew that this statement was not true, as plaintiff is informed and believes, or by the reasonable diligence required of them as officers of the bank would have known, and it was their duty to know that the said statement was utterly untrue and fraudulent.
22. That plaintiff's predecessor, relying upon the truth of said verified and attested statement, made from time to time deposits in said bank, and plaintiff also made deposits and allowed them to be made by sheriffs and others, and permitted a portion of (296) the deposits to remain, so that on 19 June, 1893, there was on deposit in said bank to the credit of the plaintiff, as treasurer, the sum of $15,000.
23. That on 19 June, 1893, the insolvency of the said bank became notorious, and on that day it closed its doors and ceased to do business; that it was shortly thereafter placed in the hands of a receiver and is wholly insolvent, and that plaintiff has demanded payment of the said sum due him by the said bank, of the receiver, which has been refused.
24. That by reason of the negligent and the fraudulent acts of the defendants the plaintiff, as treasurer, has been damaged and suffered loss to the amount of $15,000, with interest from 19 June, 1893.
And for a third cause of action —
25. Repeating paragraphs 1, 2, 16, 17, and 18.
26. That the defendant I. Bates was not only a director of said bank, but was at all the times above mentioned its chief executive officer, to-wit, its president, and as such president was charged with all the duties set forth in paragraph 17, and especially charged with the duty of protecting the stockholders of, the depositors in, and all the creditors of said bank from loss, or danger of loss, by a watchful care over the loans and investments made by said bank; to see that the same were made only to solvent persons, upon satisfactory security.
27. That the defendant George W. Williams was at all the times above mentioned the vice-president of said bank, charged with the duties set forth in paragraph 17 and paragraph 26, and charged, besides, with the duty of protecting the bank from any loss through any loan made to its president; that said George W. (297) *Page 178 
Williams was the custodian of the evidence of debt executed by or due to the bank from President Bates; that notwithstanding such duty, said George W. Williams, as vice president, permitted said Bates and also certain corporations controlled and practically owned by said Bates and W. L. Smith, the cashier of said bank (to borrow large sums of money from the said bank upon inadequate security, and that such loans were never reported to the Treasurer of North Carolina, as they were required to be, but remained concealed; that said George W. Williams, as plaintiff is informed and believes, knowing the condition of said bank to be insolvent, and that the reports made of its condition were untrue, fraudulent and misleading, did not himself sign such reports as vice president or director, but knowingly permitted the reports to be made by other officers of the bank and attested by directors, without protest or objection, whereby the plaintiff was deceived and defrauded, as hereinafter set forth.
28. That the defendants, other than said Bates and Williams, as directors, knew or ought by due diligence to have known of the neglect of duty of President Bates and Vice President Williams, as set forth above, and yet none of them objected or protested or took any steps to protect the creditors or credit of said bank; and plaintiff is advised and avers that thereby all became liable to him for any loss sustained by him on account of the default of the president and vice president, as well as of the directors.
29. That the plaintiff, relying upon the representations and statements made, as hereinbefore set forth, and upon the proper discharge of their duties by the president, vice president and directors of said bank, permitted, as stated in paragraph 22, $15,000 deposited (298) to his credit to remain in said bank, which was lost by the failure of said bank, in June, 1893, as set forth in paragraph 23.
30. That plaintiff, through his attorney, requested the receiver of said bank to bring an action in behalf of the creditors against the directors, the defendants above named, but the receiver has failed to do so.
31. That by reason of the neglect and fraudulent acts of the defendants, as set forth above, the plaintiff has been endamaged $15,000.
Wherefore plaintiff demands judgment for $15,000 and interest from 19 June, 1893, and for such other and further relief, etc., and for costs.
The demurrer was as follows:
The defendants Isaac Bates, G. W. Williams, John Wilder Atkinson, W. I. Gore, H. Vollers and Clayton Giles demur to the complaint *Page 179 
herein, and for cause of demurrer assign that it appears upon the face of the complaint —
1. That there is a misjoinder of causes of action, in that a cause of action of tort, as for deceit by said defendants, is united with a cause of action for failure to do their duty and mismanagement as directors of the Bank of New Hanover.
2. That there is a misjoinder of the causes of action, in that the causes of action against the defendants, other than Clayton Giles, are united with causes of action against him, although the causes of action against him are distinct from the causes of action against them, it appearing by the complaint that the defendant Giles did not participate in any of the acts of omission or commission of the other defendants, which constitute the first cause of action against them.
3. That there is a misjoinder of causes of action, in that the alleged acts of omission and commission by the defendant (299) G. W. Williams, as vice president of the said bank, which constitute the third cause of action against him, are united with the first and second causes of action against the other defendants, although they are distinct and separate from the alleged acts of deceit and negligence of the other defendants, which constitute the first and second causes of action against the said other directors.
The said defendants demur to the first cause of action of the complaint, on the ground that it appears upon the fact of the complaint —
4. That there is a misjoinder of causes of action, in that a cause of action for tort, as for deceit by said defendants, is united with a cause of action for failure to do their duty and for mismanagement as directors of the Bank of New Hanover.
5. That there is a misjoinder of causes of action, in that the causes of action against the defendants, other than Clayton Giles, are united with causes of action against him, though the causes of action against him are distinct from the causes of action against them, it appearing by the complaint that the defendant Giles did not participate in any of the acts of omission or commission of the other defendants, which constitute the first cause of action against them.
6. That there is a misjoinder of causes of action, in that the alleged acts of omission and commission by the defendant G. W. Williams, as vice president of said bank, which constitute the third cause of action against him, are united with the first and second causes of action against the other defendants, although they are distinct and separate from the alleged acts of deceit and negligence of the other defendants, which constitute the first and second causes of action against the said other directors. *Page 180 
7. That there is a defect of parties in the omission of the (300) Bank of New Hanover, the said bank being a necessary party to the action, in so far as it is based upon the alleged negligence or mismanagement of the said defendants as directors.
8. That there is a defect of parties in the omission of the receiver of said bank, he being a necessary party, in so far as it is based upon the alleged negligence or mismanagement of the said defendants as directors.
9. That the plaintiff has not legal capacity to sue, in so far as this action is based upon the alleged negligence, dereliction of duty or mismanagement of defendants or as directors; that the action cannot be maintained by the plaintiff exclusively in his own behalf, but must be commenced and conducted, if at all, in the name and for the benefit of all the creditors of the said bank.
10. That the complaint, in its first cause of action, does not state facts sufficient to constitute a cause of action, in that it does not allege that the bank or the receiver has been requested to institute this action, and that it or he has refused or failed to do so.
11. That the said complaint, in the first cause of action, does not state facts sufficient to constitute a cause of action, in that upon the facts stated no trust or contractual relation or privity is shown to exist between the plaintiffs and (these) defendants, and so far as the acts of negligence and mismanagement are alleged, these defendants are not answerable to this plaintiff.
12. That the said complaint, in its first cause of action, does not state facts sufficient to constitute a cause of action, in that, if the said cause of action be construed to be a declaration in tort as for deceit, no actionable case is stated, because there is no allegation (301) that defendants knew or believed the bank to be insolvent when the plaintiff deposited his funds therein or when the representations or statements were made.
13. That the said complaint, in its first cause of action, does not state the facts sufficient to constitute a cause of action, in that it does not allege that the statements herein set forth, as made by these defendants, were known by them to be false, or that they made the statement to the plaintiff, or that they made said statement with a fraudulent intent, or that the loss of the plaintiff was caused by the negligent acts, as distinguished from the omission of the defendants.
The said defendants demur to the second cause of action of said complaint, and for cause of demurrer assign:
14. That there is a misjoinder of causes of action, in that a cause of action of tort as for deceit by said defendant is united with a cause *Page 181 
of action for failure to do their duty, and for mismanagement as directors of the Bank of New Hanover.
15. That there is a misjoinder of causes of action, in that the causes of action against the defendants, other than Clayton Giles, are united with causes of action against him, although the causes of action against him are distinct from the causes of action against them, it appearing by the complaint that the defendant Giles did not participate in any of the acts of omission or commission of the other defendants, which constitute the second cause of action against them.
16. That there is a misjoinder of cause of action, in that the alleged acts of omission and commission by the defendant G. W. Williams, as vice president of said bank, which constitute the third cause of action against him, are united with the first and second causes of action against the other defendants, although they (302) are distinct and separate from the alleged acts of deceit and negligence of the other defendants, which constitute the first and second causes of action against the said other directors.
17. That the said complaint, in its second cause of action, does not state facts sufficient to constitute a cause of action, in that if the said cause of action be construed to be a declaration in tort as for deceit, no actionable cause is stated, because there is no allegation that defendants knew or believed the bank to be insolvent when the plaintiff deposited his funds therein or when the representations or statements were made.
18. That the said complaint, in its second cause of action, does not state facts sufficient to constitute a cause of action, in that it does not allege that the statements therein set forth, as made by these defendants, were known by them to be false, or that they made the statements to the plaintiff, or that they made said statements with a fraudulent intent, or that the loss of the plaintiff was caused by the negligent acts as distinguished from the omission of the defendants.
The said defendants demur to the third cause of action of said complaint, and for cause of demurrer assign:
19. That there is a misjoinder of causes of action, in that a cause of action of tort as for deceit by said defendants is united with a cause of action for failure to do their duty and for mismanagement as directors of the Bank of New Hanover.
20. That there is a misjoinder of the causes of action, in that the causes of action against the defendants, other than Clayton Giles, are united with causes of action against him, although the causes of action against him are distinct from the causes of action against them, it appearing by the complaint that the defendant Giles did not participate in any of the acts of omission or commission of the (303) *Page 182 
other defendants, which constitute the first cause of action against them.
21. That there is a misjoinder of causes of action, in that the alleged acts of omission and commission by the defendant G. W. Williams, as vice president of said bank, which constitute the third cause of action against him, are united with the first and second causes of action against the other defendants, although they are distinct and separate from the alleged acts of deceit and negligence of the other defendants, which constitute the first and second causes of action against the said other directors.
22. That there is a defect of parties in the omission of the Bank of New Hanover, the said bank being a necessary party to the action, in so far as it is based upon the alleged negligence or mismanagement of the said defendants as directors.
23. That there is a defect of parties in the omission of the receiver of said bank, he being a necessary party, in so far as it is based upon the alleged negligence or mismanagement of the said defendants as directors.
24. That the plaintiff has not legal capacity to sue, in so far as this action is based upon the alleged negligence, dereliction of duty or mismanagement as directors; that this action cannot be maintained by the plaintiff exclusively in his own behalf, but must be commenced and conducted, if at all, in the names of and for the benefit of all of the creditors of the said bank.
25. That the complaint, in the third cause of action, does not state facts sufficient to constitute a cause of action, in that it does not allege that the bank or the receiver has been requested to institute this action, or that it or he has refused or failed to do so.
26. That the said complaint, in the third cause of action, (304) does not state facts sufficient to constitute a cause of action, in that upon the facts stated no trust or contractual relation or privity is shown to exist between the plaintiff and these defendants, and in so far as the acts of negligence and mismanagement are alleged these defendants are not answerable to this plaintiff.
27. That the said complaint in the third cause of action does not state facts sufficient to constitute a cause of action, in that, if the said cause of action be construed to be a declaration in tort as for deceit, no actionable case is stated, because there is no allegation that the defendants knew or believed the bank to be insolvent when the plaintiff deposited his funds therein or when the representations or statements were made.
28. That the said complaint, in the third cause of action, does not state facts sufficient to constitute a cause of action, in that it does not *Page 183 
alleged that the statements herein set forth as made by these defendants were known by them to be false, or that they made the statements to the plaintiff, or that they made said statements with a fraudulent intent, or that the loss of the plaintiff was caused by the negligent acts as distinguished from the omission of the defendants.
29. That the said complaint, in its third cause of action, does not state facts sufficient to constitute a cause of action, in that it does not allege that the plaintiff or his predecessor deposited any money in the Bank of New Hanover in consequence of the statements or representations or conduct of the defendants, but that the plaintiff permitted money which had been previously deposited to remain in said bank.
That the defendants John Wilder Atkinson, W. I. Gore, H. Vollers and Clayton Giles demur to the third cause of action in the complaint, and for cause of demurrer assign:
30. That if the said declarations can be treated as a declaration in tort, there is no allegation that they knew (305) or believed the said bank to be insolvent when the said statements and representations were made or when the plaintiff deposited his money therein.
Upon motion of plaintiff, W. H. Worth, Treasurer of North Carolina, was made party plaintiff.
A nol. pros. was entered as to Clayton Giles, and Junius Davis, receiver of the Bank of New Hanover, and the Bank of New Hanover were ordered to be made parties defendant. Plaintiff, under leave, filed an amended complaint, as follows:
The plaintiffs above named, complaining of the defendants above named, by way of amended complaint and in addition to the complaint heretofore filed, say:
1. That since the last term of this court Samuel McD. Tate has ceased to be Treasurer of the State of North Carolina by reason of the expiration of the term of office, and W. H. Worth, as his successor, is the Treasurer of the State of North Carolina, and has succeeded to all the rights, powers and privileges of the said Samuel McD. Tate, former treasurer; that said W. H. Worth has been made, by order of the court, and is a party plaintiff in this action.
2. That Junius Davis, the receiver of the Bank of New Hanover, as set forth in the complaint, has failed and neglected to bring any action against the defendants above named, former directors of the Bank of New Hanover, for the causes set forth in the complaint; that the said Junius Davis, receiver, was, as plaintiff is informed and believes, expressly requested by the agent and attorney of large depositors in and creditors of the said bank to bring such action for the benefit of all the creditors, and the said Davis, receiver, *Page 184 
(306) declined and refused so to do, and that the said Davis, receiver as aforesaid, has been made, by order of this court, a party defendant in this action.
The defendant Junius Davis, answering so much of the complaint and amended complaint as touches him, said:
1. That he has had brought and is now prosecuting an action in the Superior Court of the county of New Hanover against the directors of the Bank of New Hanover to recover of them damages for their negligence and mismanagement of the affairs of said bank, and that said action was instituted by him for the general benefit of all the creditors of said bank, and was brought before the summons in this action was served upon him and before he was apprised that any action would be taken to make him a party thereto.
2. That no request was ever made of him by plaintiffs, or either of them, to bring a similar action to this or any action against said directors.
3. That he does not intend by this answer to controvert the right of the plaintiffs to sustain this action, but simply to answer the allegations of the complaint touching him and his actions.
On the hearing his Honor ordered and adjudged that the demurrer as to the first and second causes of action be overruled.
It was adjudged that the demurrer to the third cause of action be sustained, upon the ground that the complaint did not state a sufficient cause of action as to the third cause of action.
To this order both plaintiffs and defendants excepted and appealed.
The grounds of demurrer, which were not cured by the amendments allowed to the complaint, and which were overruled by his Honor, are, in substance:
1. "That a cause of action for the negligence and mismanagement of the defendants is ex contractu and cannot be joined in an action against them for fraud and deceit."
The same point was raised in Solomon v. Bates, post, 311, and Caldwellv. Bates, post, 323, and it was there held that the plaintiff's contract of deposit was with the corporation, not with the defendant directors, and hence the cause of action against the directors for the loss of the deposit caused by their neglect and mismanagement was necessarily in tort, not in contract; but if it had been in contract it could have been joined with the causes of action for fraud and deceit, because all the causes of action "arose out of the same subject-matter." *Page 185 
2. "That the plaintiff, a single depositor, cannot maintain the action in his own name, but must bring a creditor's bill."
The directors being trustees for creditors and stockholders, as well as for the corporation, any creditor or stockholder who has been misled to his hurt by their fraud and deceit or injured by their misconduct and gross neglect in discharge of the trust can maintain an action for such injury against them personally in his own behalf. If this were a proceeding to wind up the affairs of the corporation and apply its assets to the debts, then a creditor's bill would have been eminently proper, but such is not the object of this action. There is no fund to be taken in hand to be administered and disbursed.
3. "That the allegation of a cause of action for fraud and deceit is not sufficient unless it is specifically charged that the defendants knew or believed the bank to be insolvent."
The allegation of the complaint is that the defendants willfully and fraudulently made false and misleading statements of the condition of the bank, and declared and paid annual (308) dividends of over $20,000, when there were no net earnings out of which they could be declared, and that such statements of the condition of the bank and of the declaration of the dividends were published in the press, with the knowledge and consent of the directors, and that they also willfully and fraudulently caused to be published semi-annual statements, sworn to by the president or cashier and verified by three directors, showing in substance that the bank was solvent, its capital unimpaired and that it had a surplus on hand; that this was done to conceal the true condition of the bank, which was utterly insolvent, and to induce the public to make deposits therein, and that the plaintiff's predecessor in the office of State Treasurer was misled thereby and made this deposit, and that the plaintiff, succeeding to the office, also relying upon such official statements, allowed such part of the fund as was not drawn out for incidental purposes to remain, and permitted further sums to be deposited therein to his credit by sheriffs. This is a brief summary of the allegation, which is stated more fully in the complaint. It would seem that this was a quite explicit charge, that the defendants "knew or believed that the bank was insolvent." But if it were not, the directors are conclusively presumed to know the condition of the bank. Hauser v. Tate, 85 N.C. 81; Morse on Banks, sec. 137; Finn v. Brown, 142 U.S.; UnitedSociety v. Underwood, 9 Bush. (Ky.), 609, and other cases cited in Solomonv. Bates, post, 322. If the directors did not know the bank was insolvent it was their duty to have known it. It was fraudulent in them to put forth official statements that the bank was solvent, when they did not know it to be true, and they are liable to (309) *Page 186 
those who were deceived thereby into having dealings with the bank or making deposits therein for any losses sustained. If this were not so, the directors of a bank would be privileged to be negligent, and the more ignorant they could manage to be about its condition the more secure they would be from any liability.
4. "That the defendants were not liable for money which the plaintiff's predecessor deposited in bank and which the plaintiff permitted to remain.
The complaint avers that the plaintiff, misled by the false and fraudulent statements put forth by the directors as to the condition of the bank, in order to conceal its insolvent condition, and relying thereon and upon similar statements made to him, as treasurer, as required by law, not only made new deposits, but permitted a part of the deposit already in said bank to remain. If the defendants are liable as to one, they are as to the other. To hold otherwise would be to make a "distinction without a difference."
5. "That it is not alleged that the bank or the receiver had been requested to bring this action and had refused."
This was not requisite, nor was the bank or receiver necessary parties to this action against the directors (Solomon v. Bates), but if it were otherwise, all these objections were removed by the amendment making the bank and the receiver parties to this action. All the grounds of demurrer based upon Clayton Giles being a party are also removed from consideration by the nol. pros. which was entered as to him.
No Error.
PLAINTIFF'S APPEAL IN SAME CASE.