MATTIE B. HARPER v. OAK RIDGE SUPPLY COMPANY ET AL.

(Filed 25 October, 1922.)

**Fraud—Corporations—Officers—Directors—Evidence—Verdicts—Trials.**

Evidence that the directors of the defendant corporation sent an agent to the plaintiff and secured a loan of money she had received upon an insurance policy on the life of her husband; that the plaintiff was inexperienced in business affairs and relied upon the assurance of the representative that the loan would be amply secured, and the directors individually liable therefor; that theretofore the banks had lent the corporation money upon its note with the individual endorsements of the directors, but at this time had refused to further do so, and that the money obtained from the plaintiff was upon the unendorsed and unsecured note of the corporation, which was soon thereafter thrown into the hands of a receiver and its assets bought in by the directors at a small per cent of its true valuation, is sufficient to sustain a verdict of the jury finding fraud on the part of the individual directors, defendants in the action, and a judgment that the plaintiff recover of them in her action.

APPEAL by the individual defendants from *Lyon, J.,* at June Term, 1922, of LENOIR.

Civil action, instituted against the Oak Ridge Supply Company, a corporation, and its four directors, W. J. Grady, J. P. Turner, Joseph C. Maxwell, and Don Maxwell, individually, to recover the sum of $3,400, and interest thereon, as evidenced by the promissory note of the defendant corporation; the directors being individually joined as defendants

upon the alleged ground of false and fraudulent representations and conduct in the procurement of said loan and its subsequent conversion by them.

Upon denial of liability on the part of the individual defendants, there was a verdict and judgment in favor of the plaintiff, from which the individual defendants appealed.

*Rouse & Rouse and Sutton & Greene for plaintiff.*
*H. D. Williams and Dawson & Wallace for defendants.*

STACY, J.   The defendants rely chiefly upon their exception to the refusal of the court to grant their motion for judgment as of nonsuit, made first at the close of the plaintiff's evidence, and again renewed at the close of all the evidence.   The first exception has been waived by the defendants.   *Smith v. Pritchard,* 173 N. C., 720.   They had the right to rely on the weakness of the plaintiff's evidence when she rested her case; but, having elected to offer testimony in their own behalf, they did so *cum onere,* and only their exception noted at the close of all the evidence may now be urged or considered.   C. S., 567.   *Blackman v. Woodmen of World, ante,* 75; *S. v. Killian,* 173 N. C., 792.

Viewing the evidence in its most favorable light for the plaintiff, the accepted position on a motion of this kind, we find the following facts sufficiently established, or as reasonable inferences to be drawn from the testimony:

1. That for a long time it had been the custom and habit of the Oak Ridge Supply Company, a mercantile corporation, to borrow such money as it required in its business from banks upon the personal endorsement of its directors, defendants herein.

2. That in April, 1920, finding the company embarrassed for lack of funds, and being unable to secure further accommodations from the banks, the directors decided to endeavor to secure a loan from the plaintiff.

3. That acting upon this decision of the directors, J. C. Maxwell sent Mrs. Gertrude Rouse, who had been an employee of the Oak Ridge Supply Company, and who was acquainted with its usage and custom in borrowing money, to see if Mrs. Harper would lend the company her insurance money.

4. That Mrs. Harper told Mrs. Rouse she had $3,400 insurance money left her by her husband, and which she would lend to the company on good security.   Mrs. Rouse communicated this information by letter to Mr. Maxwell.

5. That thereupon Mr. Maxwell sent Miss Jennie Maxwell, who was the secretary and treasurer of the company, to see when they could get the money.

6. That Mrs. Harper said they could get the money, and asked about the security. She wanted to know what kind of note. Miss Maxwell told her it would be an endorsed note, and that the directors would be individually responsible for its payment.

7. That the plaintiff was a widow, inexperienced in business, and did not know it was necessary for the directors to put their names on her note in order to become personally and individually responsible for its payment.

8. That Joseph C. Maxwell went to the plaintiff's house the next day and delivered to her the company's unsecured note for $3,400. On being asked by her if it was all right, he replied that so far as he knew it was.

9. That upon being thus assured, Mrs. Harper took the 6 per cent interest-bearing note and parted with her money by endorsing and delivering to Mr. Maxwell her certificates of deposit, which bore only 4 per cent interest.

10. That this money was deposited in banks to the credit of the company, and was paid out on its debts.

11. That the Oak Ridge Supply Company shortly thereafter was thrown into the hands of receivers at the instance of the defendants, Turner and Grady, and upon a sale by the receivers all the assets of the company were bought in by them at 25 cents on the dollar.

12. That appellants deliberately threw the company into the hands of a receiver and bought in the assets for much less than their true value.

13. That at the time this money was borrowed from Mrs. Harper, the Oak Ridge Supply Company was insolvent, and the directors knew, or by the exercise of reasonable and proper care could and should have known of its insolvency.

14. That the directors, defendants herein, knew this money was being obtained on the note of the insolvent corporation, although they, through their agent, had promised the plaintiff an endorsed note, and although they knew, through their agent, that the plaintiff was relying on their personal security, and although they also knew, through their agent, that the plaintiff had been promised, and was expecting to receive, good security, such as the banks had been in the habit of receiving.

Upon these "fourteen points," we think the jury were fully warranted in finding, as they did, that the plaintiff was induced to part with her money by the false and fraudulent representations of the individual defendants, or, at least, that such misrepresentations were made as to render the individual defendants personally liable in an action like the present.

We have discovered no sufficient reason for disturbing the result of the trial, and the judgment will be affirmed.

No error.