LILLIAN KNITTING MILLS COMPANY v. T. B. EARLE, MRS. MARY B.
EARLE AND SAM HOUSTON.

(Filed 13 December, 1950.)

1. **Pleadings § 19b—**

Where there is only one party plaintiff there can be no misjoinder of
parties plaintiff. G.S. 1-127.

2. **Corporations § 7—**

Corporate directors and officers are personally liable for making fraudu-
lent misrepresentations of fact as to the financial condition of the corpora-
tion to persons who deal with the corporation and suffer loss by reason of
their reliance on such misrepresentations.

3. **Same: Fraud § 9: Pleadings § 19b—Complaint held to allege cause
   against corporate officers for fraud and not one to set aside corporate
   conveyances as fraudulent.**

   A complaint alleging that defendants, officers and agents of a corpora-
   tion, made fraudulent misrepresentations of fact as to the financial condi-
   tion of the corporation, thereby inducing plaintiff to sell the corporation
   merchandise on credit, and that defendants thereafter secretly caused the
   corporation to convey its assets to them with the purpose of cheating and
   defrauding plaintiff and other creditors, and that the corporation was
   thereafter placed in receivership with virtually no assets, with prayer
   that plaintiff recover of defendants the amount lost through the extension
   of credit, *is held* to state only the one cause of action for actionable fraud
   on the part of defendants and is demurrable neither on the ground of mis-
   joinder of causes nor the ground that it stated a cause of action to set
   aside the conveyances appertaining solely to the corporate receivers.

APPEAL by defendants from judgment overruling their demurrer to
the complaint rendered by *Phillips, J.,* at the May Term, 1950, of
STANLY.

The complaint alleges in specific detail that the plaintiff, Lillian Knit-
ting Mills Company, is a domestic business corporation; that during 1949
the defendants, T. B. Earle, Mrs. Mary B. Earle, and Sam Houston, con-
stituted all the officers and directors of another business corporation,
to wit, the Earle Hosiery Corporation; that on various occasions between
6 January and 3 June of that year the defendants made fraudulent mis-
representations of fact to the plaintiff grossly exaggerating the financial
standing and worth of the Earle Hosiery Corporation, and thereby in-
duced the plaintiff to sell and deliver substantial quantities of merchan-
dise to the Earle Hosiery Corporation on credit; that while these mis-
representations were being made and the resultant sales and deliveries
on credit were taking place, to wit, on 10 January and 29 April, 1949,
the defendants secretly caused the Earle Hosiery Corporation to convey
all of its realty to the defendants, T. B. Earle and Mrs. Mary B. Earle,

without consideration "for the purpose of cheating and defrauding the plaintiff as well as other creditors of the Earle Hosiery Corporation"; and that subsequent to 3 June, 1949, the Earle Hosiery Corporation was placed in receivership with assets of virtually no value, and without having paid the sum of $8,373.24 due plaintiff for merchandise sold and delivered to it on credit from 13 May to 3 June, 1949. The complaint asserts as a conclusion of law that "the defendants . . . are justly indebted to the plaintiff in said amount," and ends with this prayer: "Wherefore, plaintiff demands judgment against the defendants . . . for the sum of $8,373.24, with interest on same from the 3rd day of June, 1949, and the costs of this action to be taxed by the Clerk."

The defendants filed a twofold demurrer to the complaint. The demurrer asserts primarily that the plaintiff sues to cancel the conveyances of 10 January and 29 April, 1949, as frauds on the creditors of the Earle Hosiery Corporation; that such cause of action belongs to the receiver of the Earle Hosiery Corporation for the benefit of all the corporate creditors, and cannot be asserted by one of the creditors until after the receiver has refused to sue unless it appears that a demand for such suit would be unavailing; that the complaint does not allege that the plaintiff made demand on the receiver to sue and was refused, or that such demand would be futile; and that in consequence the complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiff against the defendants. The demurrer alleges secondarily that the plaintiff has misjoined parties and causes by uniting these two distinct causes in a single complaint: (1) A cause of action belonging to the receiver to set aside the conveyances of 10 January and 29 April, 1949; and (2) a cause of action belonging to the plaintiff to recover damages allegedly suffered by it as the result of fraudulent representations of the defendants as to the financial condition of the Earle Hosiery Corporation.

Judge Phillips overruled the demurrer, and the defendant appealed, assigning such ruling as error.

*R. L. Smith & Son for plaintiff, appellee.*

*Guy T. Carswell, Charles W. Bundy, and Carl Horn, Jr., for defendants, appellants.*

ERVIN, J.   There is undoubtedly a misjoinder both of parties plaintiff and of causes of action where two or more persons having distinct causes of action against the same defendants join as plaintiffs in one suit. G.S. 1-127, 1-132; *Roberts v. Mfg. Co.,* 181 N.C. 204, 106 S.E. 664.

But such is not the case at bar. The objection that there is a misjoinder of parties plaintiff lacks substance, for the very simple reason that the Lillian Knitting Mills Company is the sole party plaintiff.

The contentions that there is a misjoinder of causes of action and that the complaint does not state facts sufficient to constitute a cause of action in favor of plaintiff against defendants are likewise untenable. Properly interpreted, the complaint states only one cause of action, to wit, a cause of action belonging to the plaintiff alone for the recovery of damages allegedly suffered by it as the direct result of actionable fraud on the part of the defendants. Such cause of action is well pleaded under the rule that corporate directors and officers are personally liable for making fraudulent misrepresentations of fact as to the financial condition of the corporation to persons who deal with the corporation and suffer loss by reason of their reliance on such misrepresentations. *Harper v. Supply Co.,* 184 N.C. 204, 114 S.E. 173; *Houston v. Thornton,* 122 N.C. 365, 29 S.E. 827, 65 Am. S. R. 699; *Caldwell v. Bates,* 118 N.C. 323, 24 S.E. 481; *Solomon v. Bates,* 118 N.C. 311, 24 S.E. 478, 54 Am. S. R. 725; *Tate v. Bates,* 118 N.C. 287, 24 S.E. 482, 54 Am. S. R. 719. See also: *Thomas v. Wright,* 98 N.C. 272, 3 S.E. 487. The plaintiff does not seek to cancel the conveyances mentioned in the complaint. His allegations relating to the transfers of the property of the Earle Hosiery Corporation are simply inserted in elaboration of his claims that the representations allegedly made to it by the defendants were false and fraudulent in nature and caused it to suffer loss.

For the reasons given, the judgment overruling the demurrer is

Affirmed.