PETER DE WITT, Respondent, *v.* AGRICULTURAL INSURANCE COMPANY of Watertown, N. Y., Appellant.

1. FIRE INSURANCE — SEVERAL INSURANCES ON SAME PROPERTY. Neither the policy of the law nor contracts of insurance forbid, but on the contrary permit, as many several insurances upon the same property as there are separate interests.

2. INDORSEMENT ON POLICY WITHOUT NOTICE TO OWNER.  The insurance company and a mortgagee having a right to payment under a policy to the extent of his mortgage interest cannot, by indorsement on the policy without notice to the owner of the premises and of the policy, deprive him of his rights under the policy.

3. CONTRACT-PURCHASER OF PREMISES NOT MADE OWNER BY INDORSEMENT ON POLICY.  A contract-purchaser of premises, in possession before performance of, or transfer of title under, his contract, is not made the owner of the premises or of a policy thereon belonging to the owner-vendor, by the making of an indorsement on the policy by the company,

45

at the instance of a mortgagee, without notice to either the owner or the purchaser, mistakenly recognizing the purchaser as owner.

4. POLICY NOT AVOIDED ON GROUND OF DOUBLE INSURANCE OR MIS-STATEMENT OF INTEREST. Such inoperative indorsement of recognition of the contract-purchaser as owner does not avoid the policy as for a breach of the provision against additional insurance, on the ground that he had taken out a policy in another company on his interest in the premises before transfer of the fee under his contract, and does not, either on that ground or on the ground that the indorsement did not truly state his interest, prevent a recovery upon the indorsed policy by his assignee, where it has been duly transferred to the contract-purchaser on his acquiring title to the property on performance of his contract, after the destruction of the premises by fire.

5. WAIVER OF OBJECTION TO MAKER OF PROOFS OF LOSS. The objection that the contract-purchaser of the premises, by whom the proofs of loss were made, was not the insured, within the provision of the policy requiring proofs of loss to be made by "the insured," does not prevent a recovery on such indorsed policy, where the company, with knowledge of the circumstances, accepted and retained the proofs of loss until after the trial had begun.

*De Witt* v. *Agricultural Ins. Co.*, 89 Hun, 229, affirmed.

(Argued October 20, 1898; decided November 29, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the second judicial department, entered August 12, 1895, affirming a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought upon a policy of fire insurance issued by the defendant.

The facts, so far as material, are stated in the opinion.

*A. H. Sawyer* for appellant. The policy, upon the making of the indorsement of December 27, 1892, recognizing George E. Nichols as owner of the policy and the property mentioned as insured thereunder, became void by reason of the condition of the policy prohibiting other insurance without consent of the company. (*Short* v. *H. Ins. Co.*, 90 N. Y. 16, 19 ; *Mack* v. *R. G. Ins. Co.*, 106 N. Y. 565 ; *Sanders* v. *Cooper*, 115 N. Y. 279 ; *Allen* v. *G. A. Ins. Co.*, 123 N. Y. 6.) The interest in the property covered by the policy of insurance issued by the defendant is the same interest precisely as that

covered by the policy of insurance issued by the Liverpool and London and Globe Insurance Company, and that policy is other insurance within the meaning of the defendant's policy. (*Grosvenor* v. *A. F. Ins. Co.*, 17 N. Y. 391; *Bidwell* v. *N. W. Ins. Co.*, 19 N. Y. 179; *Perry* v. *L. Ins. Co.*, 61 N. Y. 214; *Weed* v. *L. & L. F. Ins. Co.*, 116 N. Y. 112; *Moore* v. *H. Ins. Co.*, 141 N. Y. 219, 223; *Carpenter* v. *P. W. Ins. Co.*, 15 Pet. 495; *E. F. Ins. Co.* v. *R. Ins. Co.*, 55 N. Y. 359; *Foster* v. *Van Reed*, 70 N. Y. 24; *Van Alstyne* v. *Ætna Ins. Co.*, 14 Hun, 360; *Mussey* v. *A. M. Ins. Co.*, 14 N. Y. 79.) The plaintiff cannot recover in this action because the interest of the insured in the property at the time of the fire was not truly stated in the policy, and was not unconditional and sole ownership thereof. (*Lasher* v. *St. J., F. & M. Ins. Co.*, 86 N. Y. 423; *Weed* v. *L. & L. F. Ins. Co.*, 116 N. Y. 106; *Lasher* v. *N. W. N. Ins. Co.*, 18 Hun, 98; *Rohrbach* v. *G. F. Ins. Co.*, 62 N. Y. 47, 61.) If George E. Nichols was not at the time of the fire the insured referred to in the policy of insurance, then no notice of the loss and no proofs of loss, as required by the policy, were ever made or served upon the defendant. (*Quinlan* v. *P. W. Ins. Co.*, 133 N. Y. 356, 362; *Moore* v. *H. F. Ins. Co.*, 141 N. Y. 219; *Inman* v. *W. F. Ins. Co.*, 12 Wend. 460; *Whitehurst* v. *N. C. Ins. Co.*, 7 Jones [Law], 433; *Edwards* v. *L. Ins. Co.*, 75 Penn. St. 378; *Trask* v. *S. F. Ins. Co.*, 29 Penn. St. 198; *R. Ins. Co.* v. *Burwell*, 44 Ind. 460; *N. Y. C. Ins. Co.* v. *N. P. Ins. Co.*, 20 Barb. 468.)

*Theron G. Strong* for respondent. The indorsement of change of ownership to Nichols was due to a plain mistake of Lockwood, and was evidently intended to protect and not destroy Lockwood's rights, and manifestly was not intended and should not be permitted to change the rights of Smith and Lockwood under the policy. (*Mead* v. *A. F. Ins. Co.*, 13 App. Div. 476; *McMaster* v. *Prest., etc., Ins. Co. of N. A.*, 55 N. Y. 222; *Rickerson* v. *H. F. Ins. Co.*, 149 N. Y. 307; *Darrow* v. *F. F. Socy.*, 116 N. Y. 537; *Baley* v. *H. F.*

*Ins. Co.*, 80 N. Y. 23.) Giving the indorsement all the effect claimed by the defendant, there was no breach of the condition of the policy which provides that it shall be void "if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." (*Boehm* v. *C. A. Ins. Co.*, 9 Minn. 529; *Baley* v. *H. F. Ins. Co.*, 80 N. Y. 21; *Holly* v. *M. L. Ins. Co.*, 105 N. Y. 437; *Walradt* v. *P. Ins. Co.*, 64 Hun, 129; 136 N. Y. 375; *Haight* v. *C. Ins. Co.*, 92 N. Y. 51.) Defendant's policy and the policy issued by the Liverpool and London and Globe Insurance Company covered distinct and separate interests, and, therefore, no questions of "double insurance," or of "contribution *pro rata*," under the conditions of defendant's policy, arise. (*Mead* v. *A. F. Ins. Co.*, 13 App. Div. 476; *McMaster* v. *Prest., etc., Ins. Co. of N. A.*, 55 N. Y. 222; *Eddy* v. *L. Ass. Corp.*, 143 N. Y. 311; *L. Mfg. Co.* v. *S. F. Ins. Co.*, 88 N. Y. 591; *S. F. & M. Ins. Co.* v. *Allen*, 43 N. Y. 389, 395, 396; *Adams* v. *G. Ins. Co.*, 9 Hun, 45; 70 N. Y. 166; *Robert* v. *T. Ins. Co.*, 17 Wend. 631; *Andrews* v. *P. Ins. Co.*, 18 L. R. [Ir.] 355; *Goudin* v. *L. Ass. Corp.*, 1 Burr, 489; *M. S. Ins. Co.* v. *Hone*, 2 N. Y. 235.) In any aspect of the case, there was no breach of the condition as to "unconditional and sole ownership." (*Walradt* v. *P. Ins. Co.*, 64 Hun, 129; 136 N. Y. 375; *Haight* v. *C. Ins. Co.*, 92 N. Y. 51; *Pelton* v. *W. F. Ins. Co.*, 77 N. Y. 605; *Merrill* v. *A. Ins. Co.*, 73 N. Y. 452.) The sufficiency and regularity of the proofs of loss cannot be questioned. (*Armstrong* v. *A. Ins. Co.*, 130 N. Y. 560; *Quinlan* v. *P. W. Ins. Co.*, 133 N. Y. 356; *Blossom* v. *L. F. Ins. Co.*, 64 N. Y. 162.) The proofs of loss furnished were, and were treated as, an exact fulfillment of the conditions of the policy upon the basis of the rights and obligations of the parties as declared by the defendant itself in the policy. (*Romeyn* v. *Sickles*, 108 N. Y. 650; *Day* v. *Town of New Lots*, 107 N. Y. 148.) Nor can defendant's claim be upheld, that if effect is not given to the indorsement then Nichols was not the "owner" and the

"insured," and, therefore, the proofs were not properly furnished in Nichols' name. (*Kernochan* v. *N. Y. B. F. Ins. Co.*, 17 N. Y. 428; *McMaster* v. *Prest., etc., Ins. Co. of N. A.*, 55 N. Y. 222; *Goodwin* v. *M. M. L. Ins. Co.*, 73 N. Y. 492; *Titus* v. *G. F. Ins. Co.*, 81 N. Y. 410; *Brown* v. *H. F. Ins. Co.*, 52 Hun, 260; *Bumstead* v. *D. M. Ins. Co.*, 12 N. Y. 81; *O'Niel* v. *B. F. Ins. Co.*, 3 N. Y. 122.)

PARKER, Ch. J.   The defendant insists that it is not legally liable to the plaintiff under the policy of insurance upon which this action is founded.   Its claim is that the insured therein, at the time he became such, had another policy of insurance covering the same property, and hence this policy became void at the moment the indorsement was placed upon it declaring George E. Nichols, this plaintiff's assignor, to be the owner of the property and of the policy.   There was no attempt on the part of Nichols, or of any of the other parties having to do with either of the policies, at any stage of the transaction with which they were connected, to defraud the defendant or to procure double insurance.   Indeed, the effect of obtaining the insurance complained of by this defendant has been because of the payment made by the company issuing the policy to reduce the recovery to a point much below what it would have been had such insurance not been obtained. Nichols contracted to buy the land upon which the burned buildings were situated, and immediately thereafter entered into possession and began extensive alterations and repairs upon the buildings, and he took out a policy of insurance for $3,500 on the residence and $1,500 on the barns in the London and Liverpool and Globe Insurance Company.   This was on the 22d of December, 1892.   A few days later, and on December 27th, Hanford Lockwood, who had once been the owner of the property, but then was a mortgagee, and as such the payee to the extent of his mortgage interest, in the policy of insurance that occasioned this action, apparently supposing that Nichols, plaintiff's assignor, had become vested with the fee of the real estate, made application to the company to

have an indorsement put upon the policy acknowledging and consenting to the changed ownership, and this he did without consulting Nichols or the owner of the policy, who was also the person in whom the fee to the property was still vested. Lockwood's application was granted and the company indorsed on the policy the following: " George E. Nichols is now recognized as owner of this policy and the property mentioned as insured hereinunder, subject, nevertheless, to all the rules and conditions of this policy, none of which is hereby waived or avoided."

The appellant contends that the effect of this indorsement was to make Nichols the insured under the policy, and at the same moment of time the policy became void for two reasons:

(1) Because five days before Nichols had taken out a policy of insurance in another company, although he was at that time ignorant of the existence of this policy.

(2) Because the indorsement did not truly state Nichols' interest in the property, in that it was not in fact that of unconditional and sole ownership.

Lockwood, who was a very old man, in fear, doubtless, of the clause in the policy providing that it should become void in the event of a change in the title, without notice to the company, attempted in good faith to preserve the policy by having the change of ownership noted thereon. He was mistaken merely about the fact of ownership. Nichols had a contract of sale instead of being the unconditional and sole owner of the property. If, however, the legal effect of Lockwood's action was to make Nichols the insured under this policy, then the position of the defendant would seem to be well taken. For when Nichols became the insured under the policy, the clause therein which provides that it " shall be void if the insured now has, or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy," constituted a part of Nichols' contract with defendant, and Nichols did then have other insurance. If the effect of this indorsement was

to make Nichols the insured, the defendant's other point is also well taken, for Nichols was not the sole and unconditional owner, and, therefore, the interest of the insured in the property was not truly stated therein, and in such event certain conditions of the policy provide that it shall become void. But in our view Nichols did not become the owner of the policy, or the insured thereunder, by the indorsement made thereon by the company at the request of Hanford Lockwood, the payee therein, to the extent of his mortgage interest.

At this point we stop to state in their proper order the several transactions which induce this conclusion.

On the 27th day of June, 1892, Hanford Lockwood was the owner of the property, and on that date he obtained from this defendant the policy of insurance upon which this action is founded. Subsequently he sold, and by a good and sufficient deed conveyed, the property to Warren E. Smith, taking back from him a purchase-money mortgage, and immediately thereafter, and on August 18th, 1892, there was indorsed upon the policy the following: " Warren E. Smith is now recognized as owner of this policy and the property mentioned as insured hereinunder, subject, nevertheless, to all the rules and conditions of this policy, none of which are hereby waived or avoided, and loss, if any, first payable to Hanford Lockwood, mortgagee, as interest may appear. Twenty thousand dollars incumbrance is hereby permitted." Smith was the owner of the property prior to the making of that indorsement. As soon as it was made he became the owner of the policy, Hanford Lockwood being simply the payee therein to the extent of his mortgage interest. He had no other right or interest therein. The contract was one between Smith and the defendant insurance company. As the appointee to receive the moneys thereunder to the extent of his mortgage interest, Lockwood had rights that he could enforce, but it was not his policy, it was Smith's. The contract of the company was with him. The defendant could not by any arrangement with Lockwood relieve itself from liability to Smith in the event of a fire. It was beyond its power, without notice to Smith, to

deprive him of his ownership of the policy, or of any rights under it.

About three months after Smith had become the owner of the policy he entered into a contract of sale of the property with George E. Nichols. For some reason of convenience the transfer of the title was not made at once, but Nichols was allowed to go into possession for the purpose of making improvements to the buildings, and a month and two days after the contract of purchase was executed he procured a policy of insurance from the Liverpool and London and Globe Insurance Company for $5,000, $3,500 of it being on the residence, a sum not exceeding one-half the value of the building. Nichols had an insurable interest in the property; the policy was a valid one and it has been paid. When it was issued it had no effect upon Smith's policy. Nothing that Nichols could do by way of taking out insurance could affect Smith's right under his policy. The policies could co-exist, because while relating to the same property they affected different interests therein, and neither the policy of the law nor the contracts of insurance forbid, but on the contrary permit as many several insurances upon the same property as there are separate interests. (*Springfield F. & M. Ins. Co.* v. *Allen,* 43 N. Y. 389, 395; *Lowell Mfg. Co.* v. *Safeguard F. Ins. Co.,* 88 N. Y. 591.) Smith's policy then was unaffected by the taking out of another policy by Nichols, so that on the 27th day of December, 1892, and down to the moment when defendant indorsed upon the policy the clause to the effect that Nichols was owner of the property and policy, it constituted an enforceable contract upon which Smith, its owner, had a right to rely for protection in the event of an accidental fire, and it was a valid policy after the indorsement, because the indorsement did not and could not affect Smith's rights thereunder, it having been made without his knowledge or consent. As against him the indorsement was an absolute nullity, for it is not pretended that he either knew of or consented to it. Hanford Lockwood and this defendant were responsible for it. It is true that the indorsement was made

by the defendant under the supposition doubtless that Lockwood was correct in his information, but he was not correct, he was mistaken. Nichols had not become the owner in the sense in which Lockwood understood it, nor in the sense in which that word was used in the indorsement on the policy. But it matters not whether the indorsement was the result of Lockwood's mistake or not, for the defendant and Lockwood had not the power by this or any other indorsement to deprive Smith, without notice, of the rights that, as owner of the property and of the policy, were vested in him under that contract of insurance. If the fire had occurred the night following the last indorsement, no one would question the right of Smith, as the owner, and the insured to enforce the contract of insurance. The property did not burn that night, but it did in about two weeks thereafter, and in the meantime nothing had happened to change the rights or the interests of these parties, either in the policy of insurance or in the title to the real estate. When the fire actually took place, Smith was still the owner of the fee of the property and the owner of the policy of insurance, subject to the right of Hanford Lockwood to have paid to him such sum, if any, as was then due on the mortgage held by him. Afterwards Smith assigned his interest in the policy to Nichols, and it was intimated that at the time of the fire Lockwood had no interest in it, because his mortgage had been paid; but whether that be so or not is unimportant, for Smith, as owner of the policy, was entitled to all that should be paid thereunder except such sum as the mortgagee should be entitled to. But the mortgagee also assigned his interest under the policy to Nichols, and thus Nichols acquired all the rights of both Smith and Lockwood. The rights that Nichols obtained from Smith and Lockwood under this policy were subsequently, but before the commencement of this action, acquired by the plaintiff.

The defendant also insists that if Smith, instead of Nichols, was the insured under the policy at the time of the fire, then there should have been no recovery, because proofs of loss were not made *by the insured* as required by the policy. It

is true that the policy requires that notice and proofs of loss shall be furnished by the insured, and it has been held over and over again that non-performance of these conditions, or any of them, constitutes a complete defense to any claim for recovery on the policy.  But this action differs from those asserting the general rule, in that proofs of loss were here furnished.  Smith, as owner of the property and of the policy, should have furnished them, but almost immediately after the fire Nichols completed the contract of purchase by paying over the balance of the purchase price and taking a deed of the property and an assignment of the policy.  Nichols may have thought that this indorsement on the policy made him the owner of it, as the appellant argues it did, and so deemed himself the proper one to make out the proofs.  But whatever the reason, he did make out the proofs of loss and delivered them to the defendant, and it has retained them with full knowledge of all the facts and circumstances that have attended this policy from its birth.  No objection whatever was made by the defendant to the proofs of loss until upon the trial, when defendant's counsel discovered that the plaintiff was insisting that Nichols was not the insured referred to in the policy.  Then the defendant objected to the proofs of loss and insisted that if the referee should find that Nichols was not the insured he should hold that the action could not be maintained, because proofs of loss were not made by the proper person.  But it was then too late to make that objection, as the receipt and retention of the proofs by the defendant, with full knowledge of all the circumstances and without objection until after the trial of the action had begun, constituted a waiver of the objection.  (*Kernochan* v. *N. Y. Bowery Fire Ins. Co.*, 17 N. Y. 428.)

The judgment should be affirmed, with costs.

All concur, except O'BRIEN, J., not voting.

Judgment affirmed.