**Edna M. LANGDON, Plaintiff-Petitioner,**

v.

**CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY, Defendant-Respondent.**

Supreme Court of Tennessee.

March 20, 1972.

**354**

Albert G. Riley, Memphis, for plaintiff-petitioner.

Armistead F. Clay, Memphis, for defendant-respondent.

## OPINION

HUMPHREYS, Justice.

In January 1966, Mrs. Langdon insured her house for $10,000.00, and its contents for $4,000.00, with Cambridge Mutual, with a standard loss payable clause in favor of her mortgagee, Leader Federal Savings and Loan Association. Later, in November 1966, Mrs. Langdon borrowed $844.00 from Pacific Finance Loans, and as a part of the loan, she was required to purchase insurance with Olympic Insurance Company, insuring her household contents from loss by fire for the amount of the loan, with a loss clause providing that the loss if any, "shall be payable to: Pacific Finance Loans". The mortgage clause read simply, "Mortgage clause: · Pacific Finance Loans". Under the loan agreement and policy Mrs. Langdon would receive nothing on any loss. The insurance benefit was the amount due on the loan.

On February 10, 1968, Mrs. Langdon suffered a partial loss to house and fur-

nishings. She made claim on Cambridge for this loss. By agreement, the loss of her personal property was fixed at $3,334.-13, and this was paid to her. At the time of this payment there were other items insured as to which the cost had not been determined. When it was ascertained that these items amounted to $516.24, Cambridge, having learned of the Olympic policy, took the view that the pro rata clause in its policy, providing that its loss should not be "for a greater proportion of loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved", declined to pay the Company, as an offset. Cambridge then agreed to pay the $516.24 it owed Mrs. Langdon under its policy if Olympic would reimburse it in that amount. Olympic agreed to this, but Mrs. Langdon did not. Then, Olympic refused to pay Mrs. Langdon's loss unless she would release her claim against Cambridge. Refusing this, Mrs. Langdon sued Olympic for herself and the use and benefit of Pacific Loans and recovered a judgment of $375.-00, the amount of the unpaid balance of the loan, which was the true loss insured against. This judgment is not subject to review in this case, being final.

Mrs. Langdon then sued Cambridge and ultimately got judgment for $516.24 in the Shelby County Circuit Court for this amount.

On appeal, it was held that the Cambridge policy's pro rata clause applied and that its liability should be determined by prorating the proceeds from the Olympic policy. We granted certiorari.

Title 45, Chapter 20 of Tennessee Code Annotated regulates the operation of all loan companies in Tennessee. Section 45-2007 of this chapter, together with § 45-2008 provide for the powers and privileges of loan companies. Among these powers, which include the right to make charges which make the cost of the loan exceed our usury statutes, is Paragraph (k) as follows:

"(k) To require at the expense of the borrower, insurance against the hazards

to which the collateral used to secure the loan is subject, and upon failure of the borrower to supply such insurance, to procure the same and to accept, but not require, as collateral, insurance against the hazards of death or disability of a borrower; provided, however, that such insurance shall be obtained from a licensed agent and issued by an insurance company authorized to conduct such business in the state of Tennessee at rates approved by the department of insurance and banking of the state of Tennessee, and provided that the amount of the loan and the type of the coverage bears a reasonable relation to the existing hazard or risk of loss."

■ This statute provision giving the loan company the right to insure the collateral at the cost of the borrower, gives the loan company an insurable interest in the collateral; and this is the case whether the insurance is taken out by the loan company or by the borrower. The supervening statutory right in the loan company to insure the collateral is consistent, only, with the existence under this Paragraph (k) of an insurable interest in the loan company and this is not altered by the circumstance that the insurance may have been, at the instance of the loan company, applied for by the borrower instead of the loan company.

■ Thus, the question is, where there is such an insurable interest in the property, should this Court require a proration of the policy insuring that interest with a policy insuring the separate interest of the property owner? The answer must be, under Loftis, et ux v. Stuyvesant Insurance Co., 54 Tenn.App. 371, 390 S.W.2d 722, that proration is not required.

*Loftis*, written by Justice Chattin while on the Court of Appeals of Tennessee, thoroughly analyzes both the Tennessee case law and the encyclopedic law, and in the course of the opinion cites with approval Smith v. Northern Insurance Co., 232 App.Div. 354, 250 N.Y.S. 30, as follows:

"The real question in the case seems to resolve itself into this: Does the phrase, 'the whole insurance covering the property,' relate only to insurance in favor of the same assured, on the same interest? There may be 'as many several insurances upon the same property as there are separate interests.' DeWitt v. Agricultural Insurance Company, 157 N.Y. 353, 51 N.E. 977, 978. An insurable interest is vested in the vendor, the vendee, the mortgagor or the mortgagee and others having a separate interest, and each may insure his own distinct insurable interest. The thing insured is not the property described, but the interest or estate of the insured therein." 390 S.W.2d 722, 728.

This statement is in accord with that in 44 Am.Jur.2d Insurance, § 1808, p. 788. Loftis v. Stuyvesant, supra, being among the cases noted in support.

This being the case, the insurance provided for by Olympic's policy is not subject to proration with the insurance provided by the Cambridge policy.

The judgment of the Court of Appeals is set aside, and the judgment of the Circuit Court of Shelby County is affirmed.

DYER, C. J., and CRESON, and McCANLESS, JJ., and JENKINS, Special Justice, concur.

## OPINION ON PETITION TO REHEAR

A petition to rehear has been filed agreeing that Pacific Finance had an insurable interest in the furniture under T.C.A. § 45–2007, Paragraph (k), but insisting on proration because Edna M. Langdon was named as insured in the Olympic policy.

We deny the petition to rehear. We do not think that the fact that Edna M. Langdon is named as insured in Olympic's policy is controlling. The policy was issued under the statute. Under the statute the loan company is the real insured in such a

policy, regardless of the statement therein as to the insured.

What we say here is implicit in the statement in our opinion reading:

"The supervening statutory right in the loan company to insure the collateral is consistent, only, with the existence under this Paragraph (k) of an insurable interest in the loan company and this is not altered by the circumstance that the insurance may have been, at the instance of the loan company, applied for by the borrower instead of the company."

We were aware when we wrote this that Edna M. Langdon was the named insured in the Olympic policy, and we intended by what we said here to hold that this would not affect our holding that there was no insurance under the Olympic policy that could be considered for purposes of proration.

Petition denied.

DYER, C. J., McCANLESS, J., and JENKINS, Special Justice, concur.