W. A. SOSSAMAN and others v. THE PAMLICO BANKING AND
INSURANCE COMPANY.

*Fire Insurance—Condition of Forfeiture in Policy.*

In an action to recover on a policy of fire insurance, where it appeared
that the policy contained a condition, that "when property (insured
by this policy) or any part thereof shall be alienated, or in case of
any transfer or change of title to the property insured or any part
thereof or of any interest therein, without the consent of the com-
pany endorsed thereon, * * * this policy shall cease to be bind-
ing upon the company;" and that the plaintiff after the issuing of
the policy had mortgaged the property insured, with power of sale,
&c.; *Held*, that the policy was thereby forfeited and the plaintiff was
not entitled to recover.

CIVIL ACTION to recover the amount of a Fire Insurance
Policy tried at Fall Term, 1877, of IREDELL Superior Court,
before *Cloud, J.*

The plaintiff insured with the defendant a certain stock
of goods which he then had in a certain store house
in Iredell County, against damage by fire, from noon on
the 20th of November, 1875, to noon on the same day,
1876. On the 16th of November, 1876, the stock of goods
was totally destroyed by fire. The policy of insurance con-
tained among other terms and conditions the following;
" V. When property (insured by this policy) or any part
thereof shall be alienated, *or in case of any transfer or change
of title to the property insured, or any part thereof, or of any
interest therein,* without the consent of the company endorsed
thereon, or if the property hereby insured shall be levied
upon, or taken into possession or custody on any legal pro-
cess, or the title to or possession be disputed in any proceed-
ing at law or in equity, this policy shall cease to be binding
upon the company."

On the 17th of May, 1876, the plaintiff being indebted to
Cohen & Rosler in $881.95, mortgaged the goods aforesaid

10

and also a certain piece of land and other personal property to them, with power to sell the property if the debt was not paid by the 1st of October, 1876, on giving twenty days notice of the sale. This mortgage was duly registered.

His Honor was of opinion upon these facts that the plaintiff could not recover, and he thereupon submitted to a nonsuit and appealed.

*Messrs. R. F. Armfield* and *John Devereux, Jr.* for plaintiff, cited 5 Am. Law Review, 689; 13 L. & E. Reporter, 350; Parsons on Contracts, 636; May on Insurance, 294.

*Messrs. Shipp & Bailey*, for defendant, cited 8 Ire. 52; 2 Ire. 263; 1 Dev. Eq. 225; 8 Blackf. 50; 2 Ind. 645; 11 Metc. 429; 42 Me. 221; 16 Wis. 564; 22 Ill. 277; 10 Ohio, 347; 10 Mich. 279.

RODMAN, J. (After stating the facts as above.) To cite and analyze the numerous cases to which we were referred on the argument, would be a labor without any useful result. They may be found collected in May on Insurance and in the briefs of the counsel. They generally turn on the language of the condition under which a forfeiture of the policy is claimed to have been incurred. It has been held that under a condition against alienation, no forfeiture is incurred by mortgage of the property, at least not until foreclosure, although the right to redeem has been lost at law and turned into an equity. This is because in many of the Northern States a mortgage is not regarded as creating an estate in the mortgaged property, but merely a lien on it. A somewhat different view has been commonly taken in this and other States. But we were referred to no case in which it was held that giving a mortgage did not work a forfeiture, where the terms of the condition were as comprehensive as they are in this case.

There are two considerations on which it seems to me the

question of forfeiture may always be fairly and reasonably decided :—

1. Does the making of a mortgage come within the words of the condition as commonly understood ? If it does not, a forced meaning should not be put on the words in favor of the company ; while if it does, the natural and usual meaning must be allowed to them, notwithstanding the conditions are in fine point, if it be legible.

If in deference to what seems the weight of decision we admit that a mortgage is not an alienation even after a forfeiture of the legal estate by non-payment of the debt at maturity, yet it must be considered under such circumstances as making a material change in the interest of the insured in the property ; at least as much as a levy upon and seizure of the goods under execution, which is specially named as a ground of forfeituie. Both, at law, take the property out of the mortgagor and vest it in another person ; while in substance both are merely liens from which the property may be exonerated by payment.

2. When, as in this case, the making of a mortgage comes within the apparent meaning of the words in the condition of forfeiture, it is proper then to consider whether there is anything in the nature of the contract or in the purposes for which it was entered into, to control this apparent meaning and restrict the words used. A reason why the company might intend to, and might prudently require that any diminution of the interest of the insured in the property should work a forfeiture, unless consented to by it, is obvious. No company will generally insure property for its full value. To insure it for more than its value, is justly regarded as hazardous and an inducement to fraud. A company looks to the amount of interest in property which an insured has at risk, as a principal reason for expecting from him, care and watchfulness to protect it from loss. Every diminution of the interest of the insured tends to

diminish the watchfulness which is impliedly stipulated for, and when that interest is substantially wholly parted with in any manner, it is equivalent to an absolute alienation, which is admitted to be a ground of forfeiture. In many cases a mortgage on property to its value or for even less is substantially an alienation; for although after a loss of the property, the debt or the residue of it would continue owing, yet the insured might little regard his mere personal liability. At all events it is neither unreasonable nor unjust to introduce in a policy such a condition of forfeiture. There is nothing in it to lead to a suspicion of fraud or deception on the insured, and having deliberately and knowingly entered into it, there is no more reason why it should not be enforced against him than the terms of any other contract would be.

No error.

PER CURIAM.                                          Judgment affirmed.