(10 Misc. Rep. 369.)

GALANTSHIK v. GLOBE FIRE INS. CO. OF CITY OF NEW YORK.

(Common Pleas of New York City and County, General Term.    December 3, 1894.)

° 1. INSURANCE—CONDITIONS OF POLICY—MORTGAGEE OF INSURED PREMISES.
    Where a policy in favor of the mortgagee of the insured premises provides that it should not become void for change of title to the premises if the mortgagee should notify the insurer of any change coming to her knowledge, a notice of sale of the premises given to the mortgagee's attorney, who had full charge of her insurance matters, was notice to the mortgagee, and she was therefore chargeable with failure to notify the insurer.

2. SAME—"PROPORTIONATE PAYMENT"—EFFECT OF VOID POLICY.
    A policy which becomes void before loss for breach of condition does not affect the liability of another company under a policy which provides that it shall not be liable for a greater proportion of any loss than the amount of its insurance shall bear to the whole insurance, "whether valid or not."

Appeal from trial term.

Action by Rachel Galantshik against the Globe Fire Insurance Company of the City of New York to recover on a policy of fire insurance.    There was a judgment entered on a verdict directed by the court for plaintiff, and defendant appeals.    Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Lemuel Skidmore, for appellant.
Jacob Manheim, for respondent.

DALY, C. J.    The plaintiff recovered upon a policy of fire insurance for $4,500, issued by defendant upon the premises 183 Clinton street.    The recovery was $3,500, the full amount of the loss, notwithstanding the contention of defendant that it was liable only for a proportional part of such loss under the following clause of the policy:

"This company shall not be liable under this policy for a greater proportion of any loss on the described property than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent assurers, covering such property."

The sole question upon this appeal is whether there was other insurance covering the property, within the meaning of the clause. The policy was issued July 12, 1893.    The fire occurred July 27,

1893.   The property had been purchased by the plaintiff and her husband from Mrs. Rinaldo June 29, 1893.   On July 3, 1893, the plaintiff received from her husband a conveyance of his interest. These conveyances were subject to a mortgage previously made by Mrs. Rinaldo to Mrs. Strong.   The former owner, Mrs. Rinaldo, had taken out two policies of fire insurance upon the property,—one for $3,000, on May 12, 1892, in the New York Bowery Fire Insurance Company; and one for $12,000, on January 9, 1893, in the Broadway Insurance Company.   By the mortgagee clause attached to the policy the loss was payable to Mrs. Strong as mortgagee.   This clause provided that the insurance as to the interest of the mortgagee should not be invalidated by any change in the title or ownership of the property, provided that the mortgagee should notify the company of any change of ownership which should come to her knowledge.

It is contended by the plaintiff that, at the time she took out her policy in the defendant company, the previous policies taken out by Mrs. Rinaldo had become void, for failure to notify the company of change of ownership when the title was conveyed by Mrs. Rinaldo to the plaintiff, and that there was therefore no insurance covering the property at the time of the fire, except that effected by the defendant's policy.   The contention of the defendant is that, while the failure to notify the change of ownership invalidated the policies, they were, nevertheless, within the terms of the clause for proportionate payment, which embraces invalid as well as valid insurance; that the policies were not absolutely void, but voidable only at the option of the companies, and that nothing was done by the companies to signify their election to avoid the policies until after the fire.   It is, moreover, contended by defendant that the policies remained in force so far as Mrs. Strong, the mortgagee, was concerned, because she did not have knowledge of the change of ownership within the terms of the mortgagee clause.   The mortgagee did not have personal notice of the change of ownership of the mortgaged premises, but it appeared that she left the whole business of her insurance in the hands of her attorney, who was her agent to look after it; that she was not even aware of what insurance he effected; and that he acted in respect thereto in his discretion, without notice to or consultation with her; and it appeared conclusively that notice of the transfer of title was given to him, and the policies left with him to make the necessary transfers at the offices of the insurance companies, which, however, was omitted through the neglect of a clerk.   Under the circumstances, we are bound to hold that notice to her agent was notice to Mrs. Strong.   Having intrusted to him the full authority to act as he deemed proper with respect to the business, he was constituted her agent to receive all necessary notices, as well as to act upon them, and therefore his knowledge is to be deemed her knowledge.   The mortgagee, having therefore had notice of the change of ownership, was bound to notify the companies, and her failure to do so made their policies void in her hands. Appellant now claims that there is no proof that the companies were not notified; but this point is taken for the first time on appeal,

no objection on that score having been made in the court below.  If it had been, it might have been obviated by proof.  It seems to have been assumed that the only question of fact was whether the mortgagee (not the company) had notice of the change of ownership.  By the terms of the policies, they became void if a change of title, interest, or possession of the property occurred otherwise than by the death of the insured.  By the mortgagee clause, it was provided that the policies should not be invalidated by that cause, provided the mortgagee should notify the company of any change coming to her knowledge; otherwise the policy should become null and void.  By failing to give the notice required, the policy became absolutely void.  The company could restore it, and waive the forfeiture (Sherman v. Insurance Co., 46 N. Y. 526); but there is not the slightest evidence that they did so, and there was not, therefore, from the time of such failure to give them notice, any insurance whatever by those policies, for they had become void by their own terms, not voidable at the election of the company.  Policies becoming void by their own terms constitute no insurance upon the premises, and cease to affect the question of the liability of another company under the clause for proportionate payment.  Hand v. Insurance Co., 57 N. Y. 41.  As was said in that case, the assured was under no obligation to keep the policies in force for the benefit of the defendant.  She could have canceled them at any time, and have recovered the whole amount upon defendant's policy; and no other consequence resulted from her default in giving notice and permitting them to become void.  There are no exceptions to be considered in this view of the case.  As we have held that the knowledge of the mortgagee's agent was knowledge of the mortgagee, there was no question on that point to submit to the jury, because Mrs. Strong's attorney admitted such knowledge.  The judgment should be affirmed, with costs.  All concur.