J. A. WATSON and L. D. IVEY v. THE NORTH CAROLINA HOME INSURANCE COMPANY.

(Filed 23 October, 1912.)

**Insurance, Fire—Policies—Change of Title—Interest—Mortgages—Contracts.**

According to the valid provisions of our standard fire insurance policies, a mortgage on property covered by a policy made subsequent to its date of issue is such a change of interest or title in the property as will release the insurer from all liability for damages thereafter incurred. Revisal, sec. 4760.

Appeal by defendant from *Whedbee, J.,* at October Term, 1911, of Cumberland.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown*.

Civil action. From a judgment for the plaintiff, the defendant appealed.

*Lockhart & Dunlap for plaintiff*.
*Winston & Biggs for defendant*.

BROWN, J. Plaintiffs sue to recover upon a standard policy of insurance on the house of plaintiff Ivey issued 19 March, 1908, the same having been destroyed by fire 28 September, 1910. The defendant pleads such a change in the interest and title of the insured in the property subsequent to the policy as avoids it.

It is admitted that Ivey executed a mortgage to a certain bank for $1,500 on this property on 2 February, 1909, and another mortgage thereon 12 June, 1909, to plaintiff Watson, and on 23 February, 1910, for a recited consideration of $2,260, he executed a deed in fee to Watson.

It is stated in the case that while the mortgages are yet uncanceled, nothing is now due on them, and that the deed, although absolute on its face, was in effect given as security for the indebtedness then due by Ivey to Watson.

The policy sued on is standard in form (Revisal, 4760) and contains the usual provision forfeiting the policy in case of a change in the interest or title of the insured in the property without the consent of the company.

We do not think this case is governed by *Jordan v. Insurance Co.*, 151 N. C., 343. In that case we passed on the title of the insured at the date of the contract, and held that an equitable ownership, such as a vendee in possession, constituted sole ownership and fulfilled the terms of the policy. In this case the title of the insured at date of the contract is not in question; but it is the subsequent change in such title and interests that, it is contended, avoids the policy according to its terms.

It must be admitted that the execution of mortgages upon the property for $2,260, subsequent to the policy, greatly decreased the interest of the insured in it, and increased the

hazard to the insurer. That such a change in the interest and title of the insured forfeits the policy has been repeatedly and consistently held by this Court.

This was first held in *Sossaman v. Insurance Co.,* 78 N. C., 147, in which, after referring to the adverse view in other States, *Judge Rodman* says: "A different view has been commonly taken in this and in other States. But we were referred to no case in which it was held that giving a mortgage did not work forfeiture where the terms of the condition were as comprehensive as they are in this case." That policy contained a provision similar to the one in the case at bar.

At the same term at which the *Jordan case* was decided we said, in *Modlin v. Insurance Co.,* 151 N. C., 41, that "It is well settled by the decisions of this Court—differing from the courts of some of the States—that the giving of a mortgage effects such a change of title and interest of the assured as avoids the policy when not assented to by the assured in the manner prescribed by the policy." Many other cases hold that in this, as well as other States, the common law prevails, and a mortgage deed passes the legal title at once, defeasible by the subsequent performance of its conditions. *Biggs v. Insurance Co.,* 88 N. C., 141; *Gerringer v. Insurance Co.,* 133 N. C., 407; *Hayes v. Insurance Co.,* 132 N. C., 702; Mordecai's Law Lectures, 534.

In referring to this principle of law in *Weddington v. Insurance Co.,* 141 N. C., 234, *Mr. Justice Walker* says: "The validity of a provision in a policy of insurance against the creating of encumbrances without the consent of the insurer can hardly be contested at this late day. It has now become the settled doctrine of the courts that the facts in regard to title, ownership, encumbrances, and possession of the insured property are all important to be known by the insurer, as the character of the hazard is often affected by these circumstances."

It is useless to multiply authorities upon this subject.

The judgment of the Superior Court is reversed, and upon the case agreed, judgment will be entered for the defendant.

Reversed.

JUSTICE HOKE took no part in the decision of this case.