FEDERAL LAND BANK OF COLUMBIA, JOE M. BURLISON, AND C. C. GREENWOOD v. GLOBE & RUTGERS FIRE INSURANCE COMPANY.

(Filed 22 January, 1924.)

**1. Insurance—Fire Insurance—Policies—Mortgagor and Mortgagee.**

The clause in a standard policy of fire insurance, declaring the contract invalid if a change in the title of the lands shall be made by the mortgagor from that stated in the policy, is made by correct interpretation of the terms of a standard form rider attached to the policy, a separate and distinct insurance of the mortgagee's or trustee's interest therein, by the use of the words "that the mortgagee or trustee shall notify this company of any change of ownership which shall come to the knowledge of said mortgagee or trustee," etc.; and where such change in the title

is made by the owner without the knowledge of the mortgagee or trustee, and the acts of the mortgagor that accordingly invalidate the policy as to his rights thereunder do not, at any time after the issuance of the policy, affect the rights of the mortgagee or trustee, under the circumstances.

**2. Same—Waiver—Consolidation of Actions—Appeal and Error.**

Where a standard policy of fire insurance has been issued by an insurance company on the buildings of the owner upon the lands described in the policy containing a clause that the insurer shall not be liable for a greater proportion of any loss or damage sustained than the sum thereby insured bears to the whole amount of insurance on said property issued to or held by any party or parties having an insurable interest therein, whether as owner, mortgagee or otherwise, and, unknown to the mortgagee mentioned in the policy, there has been a change by the owner of his interest, and he has obtained other insurance, without the knowledge or consent of the insurer or meeting the requirements of the policy in that respect, the joining by the mortgagee, whose rights are protected under both policies, in the mortgagor's action to recover for the loss by fire, simultaneously with an action against the former one, for the purpose of ascertaining and adjusting its rights under both policies, is not a ratification of the acts of the owner in taking out the second policy, contrary to the provisions of both of them, and which invalidated the policies, and on this appeal the cause is remanded for the consolidation of both actions, for the adjustment of the rights of the parties according to the provisions of the respective policies.

APPEAL by defendant from *Lane, J.,* at June Term, 1923, of BUN-COMBE.

Civil action to recover for loss by fire under a policy of insurance issued by the defendant.

From a verdict and judgment in favor of the Federal Land Bank of Columbia, the defendant appeals, assigning errors.

*Mark W. Brown for plaintiffs.*
*Bourne, Parker & Jones and Ferguson & Vinson for defendant.*

STACY, J. Defendant relies chiefly upon its demurrer to the evidence and motion for dismissal or for judgment as of nonsuit, made first at the close of plaintiffs' evidence, and renewed at the close of all the evidence. The exception noted at the close of all the evidence is the only one which may be considered on appeal, the first having been waived by the defendant. *Harper v. Supply Co.,* 184 N. C., 204.

The essential facts, admitted by the parties or sufficiently established on the hearing, are as follows:

1. Joe M. Burlison owned a tract of land in Buncombe County with certain buildings and improvements erected thereon, including a dwelling-house, barn and other buildings. On 23 July, 1918, he executed and delivered to the Federal Land Bank of Columbia a mortgage on

said lands and other property, which he then owned, to secure a loan of $4,800. This mortgage, which was duly registered, contained a covenant that the buildings on the lands should be kept insured against loss or damage by fire for the benefit of the mortgagee.

2. Agreeable with this covenant to keep the buildings insured, Joe M. Burlison, on 11 November, 1918, applied to the Globe & Rutgers Fire Insurance Company of New York (defendant herein, and hereafter called the Globe Company) for a policy insuring the buildings against loss or damage by fire in the amount of $1,000 on the dwelling and $750 on the barn. Attached to this policy was a rider or "standard mortgage clause" in favor of the Federal Land Bank of Columbia, as mortgagee or trustee, as its interest might appear, the material portions of said rider or standard mortgage clause being as follows:

"Loss or damage, if any, under this policy, shall be payable to.... ........ as mortgagee (or trustee), as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only herein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within-described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy: *Provided,* that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same: *Provided also,* that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee), and, unless permitted by this policy, it shall be noted thereon, and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void.

"In case of any other insurance upon the within-described property, this company shall not be liable under this policy for a greater portion of any loss or damage sustained than the sum hereby insured bears to the whole amount of insurance on said property, issued to or held by any party or parties having an insurable interest therein, whether as owner, mortgagee, or otherwise."

Said policy also carried the following pertinent provisions and stipulations:

A. "This entire policy shall be void, unless otherwise provided by agreement in writing added thereto, (a) if the interest of the insured be other than unconditional and sole ownership, or (b) if the subject of insurance be a building on ground not owned by the insured in fee simple, or (c) if, with the knowledge of the insured, foreclosure pro-

ceedings be commenced, or notice given of sale of any property insured hereunder, by reason of any mortgage or trust deed, or (*d*) if any change other than by the death of an insured takes place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard), or (*e*) if this policy be assigned before a loss."

B. "Unless otherwise provided. by agreement in writing added hereto, this company shall not be liable for loss or damage occurring (*a*) while the insured shall have any other contract of insurance, whether valid or not, on property covered. in whole or in part by this policy, or (*b*) while the hazard is increased by any means within the control or knowledge of the insured."

3. On 1 August, 1919, Joe M. Burlison sold and conveyed all the lands, premises and buildings above mentioned to C. C. Greenwood. No notice of this sale was given to the defendant herein, and the said conveyance was made without its knowledge or consent.

4. On 4 August, 1919, C. C. Greenwood executed a. deed of trust, which was duly registered in Buncombe County, conveying the said lands, premises and buildings to Joseph F. Ford, trustee, for the benefit of Joe M. Burlison, to secure the payment of $5,680.20, due by Greenwood to Burlison. No notice of this conveyance was given to the defendant herein, and the same was made without its knowledge or consent. This deed of trust contained a covenant that C. C. Greenwood should keep the buildings on said premises insured against loss or damage by fire for the benefit of the Federal Land Bank of Columbia and the trustee mentioned in said deed of trust.

5. On 14 September, 1920, C. C. Greenwood made and executed a deed of assignment (which was not registered) conveying to L. L. Jenkins all his right, title and interest in and to the lands, premises and buildings aforementioned. No notice of this deed of assignment was given to the defendant herein, and the same was made without its knowledge or consent.

6. The Federal Land Bank of Columbia had no knowledge or information of the several conveyances above mentioned in paragraphs 3, 4, and 5 until after the buildings were destroyed by fire.

7. Agreeable with his covenant to keep the buildings on said premises insured for the benefit of the Federal Land Bank of Columbia, trustee under the mortgage mentioned in paragraph 1, and Joseph F. Ford, trustee under the deed of trust mentioned in paragraph 4 above, C. C. Greenwood, on 8 December, 1920, applied to the Atlas Assurance Company (hereafter called the Atlas Company) for a policy insuring said buildings against loss or damage by fire in the amount of $4,000 on the dwelling, $800 on the barn, and $200 on a smoke-house. No notice

of this application, or of the issuance of the policy of insurance, was given to the Federal Land Bank of Columbia, or to the defendant herein, and the said application was made and policy of insurance obtained without the knowledge or consent of the Federal Land Bank of Columbia, or of the Globe Company. This policy also contained a "standard mortgage clause," identical in general terms with the one above set out.

8. On 10 January, 1921, all the buildings on said premises, including those covered by the policies above mentioned, were totally destroyed by fire.

9. On 31 December, 1921, the Federal Land Bank of Columbia, Joe M. Burlison and C. C. Greenwood, plaintiffs herein, instituted this action against the Globe Company; and, at the same time, the Federal Land Bank of Columbia, the Citizens Bank of Yancey, Joseph F. Ford, trustee, and C. C. Greenwood, with full knowledge of the foregoing facts (except possibly the deed of assignment from Greenwood to Jenkins was not known to all), instituted an action against the Atlas Company to recover upon the policy issued by that company on 8 December, 1920. These two suits were instituted simultaneously at the suggestion of general counsel for the two insurance companies, though not by counsel now appearing for the present defendant, to the end that the rights of all the parties might be brought before the court for adjudication and settlement.

10. The action against the Atlas Company was tried at the June Term, 1923, Buncombe Superior Court, and, by consent, an issue was submitted to the jury to ascertain the value of the property destroyed after the court had intimated that a judgment of nonsuit would be entered. From a judgment of nonsuit in the action against the Atlas Company, the plaintiffs therein have appealed.

11. In the case at bar, tried also at the June Term, 1923, it was agreed that the value of the buildings destroyed, and covered by the policy in suit, should be fixed by the judge in accordance with the finding of the jury in the Atlas case, and that the remaining issues should be answered by the court.

12. At the close of all the evidence, judgment of nonsuit was entered against the plaintiffs, Joe M. Burlison and C. C. Greenwood, and judgment was entered in favor of the Federal Land Bank of Columbia and against the defendant for the full amount of the policy mentioned in paragraph 2 above. From this judgment the Globe Company appeals.

Judgment of nonsuit was entered as to Joe M. Burlison and C. C. Greenwood, upon the ground that they had forfeited all their rights under the policy in suit by executing conveyances and taking out additional insurance in violation of the terms of the contract of insurance issued by the defendant. *Watson v. Ins. Co.,* 159 N. C., 638; *Lancaster*

*v. Ins. Co.,* 153 N. C., 285; *Modlin v. Ins. Co.,* 151 N. C., 35; *Black v. Ins. Co.,* 148 N. C., 169; *Coggins v. Ins. Co.,* 144 N. C., 14; *Sugg v. Ins. Co.,* 98 N. C., 143; *Biggs v. Ins. Co.,* 88 N. C., 141. For a full and clear statement of the cogent reasons supporting this position, see opinion of *Mr. Justice Shiras* in *Assurance Co. v. Building Assn.,* 183 U. S., 308; 46 L. Ed., 213. But neither Joe M. Burlison nor C. C. Greenwood has appealed from this judgment, and no question is presented as to their rights in the instant case.

With respect to the rights of the mortgagee under the standard mortgage clause, it is the generally accepted position that this clause operates as a separate and distinct insurance of the mortgagee's interest, to the extent, at least, of not being invalidated by any act or omission on the part of the owner or mortgagor, unknown to the mortgagee; and, according to the clear weight of authority, this affords protection against previous acts as well as subsequent acts of the assured. *Hastings v. Westchester Fire Ins. Co.,* 73 N. Y., 141; *Smith v. Union Ins. Co.,* 25 R. I., 260; *Gilman v. Com. Ins. Co.,* 112 Me., 528; L. R. A., 1915 C, 758, and note; *Brecht v. Law Union and Crown Ins. Co.,* 160 Fed., 399; 18 L. R. A. (N. S.), 197, and note; *Germania Fire Ins. Co. v. Bally,* 1 A. L. R. (Ariz.), 488; 14 R. C. L., 1085.

Speaking to this question in *Reed v. Firemen's Ins. Co.,* 80 Atl. (N. J.), 462, *Voorhees, J.,* said: "The standard mortgagee clause creates an independent contract of insurance for the separate benefit of the mortgagee, engrafted upon the main contract of insurance contained in the policy itself, and to be rendered certain and understood by reference to the policy." And to like effect is the language of *Peckham, J.,* in *Eddy v. London Assur. Corp.,* 143 N. Y., 311: "The effect of the mortgagee clause hereinbefore set forth is to make an entirely separate insurance of the mortgagee's interest, and he takes the same benefit from his insurance as if he had received a separate policy from the company, free from the conditions imposed upon the owners.   .   .   . By taking the insurance in the manner the mortgagee herein did, instead of taking out a separate policy, all the provisions in the policy, which from their nature would properly apply to the case of an insurance of the mortgagee's interest, would be regarded as forming part of the contract with him, while those provisions which antagonize or impair the force of the particular and specific provisions contained in the clause providing for the insurance of the mortgagee, must be regarded as ineffective and inapplicable to the case of the mortgagee."

It is the contention of the defendant that while, under the standard mortgage clause, the insurance, as to the interest of the mortgagee or trustee, is not to be invalidated by any act or neglect of the mortgagor or owner of the property, nor by any change in the title or ownership

thereof or increase of hazard, except when done with knowledge of the mortgagee or trustee; yet this stipulation is not to the effect, nor can it be construed to mean that the policy shall not be invalidated by any act or neglect of the mortgagee or trustee. Neither is it to the effect, nor can it be construed to mean, that it will not be invalidated as to the interest of the mortgagee or trustee, should such mortgagee or trustee ratify an act or neglect of the mortgagor, which in itself would be sufficient to invalidate the policy. For this position, defendant relies upon the following authorities: *American Ins. Co. v. Cowan,* 34 S. W. (Texas), 461; *Genesee Assn. v. Fire Ins. Co.,* 44 N. Y. S., 979; *Roper v. Nat. Fire Ins. Co.,* 161 N. C., 151.

The Globe Company set up in its answer, contended on the trial, and insists now that, by the institution of the suit against the Atlas Company and by joining with Greenwood and Ford, trustee, as plaintiffs therein, the Federal Land Bank of Columbia has ratified the acts of Burlison and Greenwood in conveying the property so as to effect a change, other than by the death of the assured, in the interest, title or possession of the subject of insurance; and further, that by joining in said suit the Federal Land Bank of Columbia has ratified the act of Greenwood in applying for and obtaining the additional insurance in the Atlas Company, without an agreement in writing first being attached to the policy in suit, or endorsed thereon, as per stipulation contained therein. *Ferguson v. Plow Co.,* 141 Mo., 161; 42 S. W., 711; *Johnson v. Md. Cas. Co.,* 60 Atl. (N. H.), 1009.

In *Arnold v. Ins. Co.,* 61 S. W. (Tenn.), 1032, plaintiff requested a friend to effect insurance on some household goods, which was done on 11 October, 1899. Plaintiff, without knowing that the property had been insured, and without consulting his friend, had the property insured in another company on 1 November, 19 days thereafter, and the property was destroyed by fire on 27 November, when plaintiff learned for the first time of the policy secured by his friend. In a suit to collect under the policy secured by his friend, it was held that plaintiff was precluded from a recovery by his failure to ascertain whether any insurance had been effected by his agent, under the provision that the policy should be void if the assured should thereafter enter into any other contract of insurance to protect the property covered in whole or in part by the original policy. It was also held that the act of the agent in securing the policy was ratified by plaintiff's bringing a suit thereon, and that he, the assured, was bound by all the provisions of the policy. To like effect is the holding of the Supreme Court of Nebraska in the case of *Hughes v. Ins. Co.,* 59 N. W., 112. There, Hughes obtained a policy of insurance from the Insurance Company of North America, with provision against additional insurance, similar

to the one now before us. Subsequently and without his knowledge or authority, one Hynes procured insurance on the same building in the Phoenix Insurance Company. This policy was issued in the name of Hughes and for his benefit. Hughes knew nothing of this policy until after the fire. Soon after the destruction of the property he made a settlement with the Phoenix Company. In a suit against the Insurance Company of North America it was held that this settlement was a ratification of the act of Hynes in procuring the Phoenix policy, and related back to the date of the issuing of said policy, and hence the plaintiff, Hughes, could not recover, as the act of Hynes, so ratified by Hughes, invalidated the policy issued by the Insurance Company of North America.

In the case at bar, the defendant, the Globe Company, contends that under authority of the Arnold and Hughes cases, just cited, and the reasoning contained therein, the Federal Land Bank of Columbia should be held to have violated the additional insurance clause in the present policy by undertaking to enforce collection under the Atlas policy, and that therefore the instant suit should fail.

In the Arnold and Hughes cases there was apparently no standard mortgage clause attached to the policies in suit, and in each case the stipulation against obtaining additional insurance was held to be binding as against the *owner* or *assured*. But in the case at bar we are dealing with the rights of the mortgagee under what amounts to a separate and distinct contract of insurance. And further, under the facts of the instant case, it could hardly be said that the Federal Land Bank of Columbia intended to violate any of the terms of the present policy by filing two suits simultaneously at the suggestion of general counsel for both insurance companies, to the end that the rights of all the parties might be determined and adjudicated by the court. We think the Federal Land Bank of Columbia is entitled to maintain this suit against the Globe Company under the standard mortgage clause attached to the present policy.

We then come to a consideration of the following stipulation inserted in the standard mortgage clause:

"In case of any other insurance upon the within-described property, this company shall not be liable under this policy for a greater proportion of any loss or damage sustained than the sum hereby insured bears to the whole amount of insurance on said property, issued to or held by any party or parties having an insurable interest therein, whether as owner, mortgagee or otherwise."

It will be observed that the language used in this paragraph provides for prorating with any insurance on the property "issued to or held by any party or parties having an insurable interest therein, whether as owner, mortgagee, or otherwise." As to whether this would extend to

any insurance covering the interest of the owner or mortgagor only, and containing no provision in favor of the mortgagee, we make no present ruling, as it is unnecessary for us to do so. *Eddy v. London Assur. Corp., supra.* But we are of opinion that the present policy should prorate with the one issued by the Atlas Company, each policy containing, as it does, a standard mortgage clause in favor of the Federal Land Bank of Columbia as its interest may appear.

A very satisfactory statement of the reasons why effect should be given to this stipulation will be found in *Hartford Fire Ins. Co. v. Williams,* 73 Fed., 925, though the decision there goes further than it is necessary for us to approve *in toto. Thayer, J.,* in that case, speaking for the Circuit Court of Appeals, Eighth Circuit, said: "The language employed in the mortgage clause, that the insurer 'shall not be liable under this policy for a greater portion of any loss sustained than the sum hereby insured bears to the whole amount of insurance on said property, issued to or held by any party or parties having an insurable interest therein,' seems to us to have been inserted *ex industria* for the purpose of making it clear that the mortgagee's policy was entitled to prorate with policies covering the insured property that, at the time of the loss, might be held by any person whomsoever who had an insurable interest in the property. We can conceive of no other object that the parties could have had in using the words, 'issued to or held by any party or parties having an insurable interest therein,' unless it was to avoid the very construction of the clause which the Circuit Court appears to have adopted. In the absence of the words last quoted, it might, no doubt, be fairly argued that it was simply the intention of the parties to reserve the right to prorate with other policies procured by the mortgagee for the protection of his interest, but that construction of the clause seems to us to be inadmissible, in view of the language used, which expressly extends the right to prorate to policies 'issued to any party or parties having an insurable interest' in the property. As before remarked, the concluding words of the paragraph seem to have been added, out of abundant caution, that there might be no ground upon which to insist that the right to prorate was limited to policies held by the mortgagee, or for his benefit. It is urged, however, by counsel for the defendants in error that the foregoing view destroys the efficacy of the first paragraph of the mortgage clause, which declares 'that this insurance as to the interest of the mortgagee or trustee . . . shall not be invalid by any act or neglect of the mortgagor or owner of the property insured,' because it puts it in the power of the mortgagor, by taking out additional insurance, to lessen the amount which the mortgagee might otherwise have recovered. It is doubtless true that the construction above intimated lessens the scope that might otherwise be

given to the first paragraph of the mortgage clause, but that it destroys its efficacy as a protection to the mortgagee cannot be admitted. It is obvious that the paragraph in question operates to protect the mortgagee from many acts of the mortgagor which would otherwise render the insurance, as a whole, utterly void, even if it be conceded that, under the construction above given, not only the mortgagor, but third parties, have it in their power to lessen to some extent the amount that may be recovered on the mortgagee's policy. In construing a contract like the one now in hand, it is our duty to look to all of the provisions of the agreement, and to give effect to what seems to have been the obvious intent and meaning of the parties. We would not be justified in ignoring an agreement in one part of the instrument, which is as clearly expressed as language could well express it, merely because it limits to some extent the scope of general language employed in another part of the instrument. It is very common, in the construction of contracts and statutes, to restrict the meaning of general words and phrases when it is plain to be seen, from particular provisions of the contract or statute, that they were not intended to have the broad signification of which they are fairly susceptible. In the case at bar the first stipulation contained in the mortgage clause, 'that this insurance as to the interest of the mortgagee or trustee . . . shall not be invalidated by any act or neglect of the mortgagor or owner of the property,' is limited and controlled, in our judgment, by the more particular provision with respect to prorating in case of loss, which declares in very specific terms, as we think, that the right to prorate shall extend to and include all policies covering the particular property that are held by any party or parties having an insurable interest therein."

In *Sun Ins. Co. v. Varable,* 103 Ky., 758, a similar conclusion was reached, the Court holding the provision that the interest of the mortgagee should not be invalidated by any act or neglect of the owner or mortgagor of the property insured was limited by the stipulation that the insurer should not be liable for a greater portion of any loss or damage sustained than the sum insured bore to the whole amount of insurance on the property, "issued to or held by any party or parties having an insurable interest therein." Hence, it was held that a policy insuring the mortgagee's interest should prorate with other policies taken out by the mortgagor.

Under the facts of the present case, we think the defendant is entitled to insist upon an observance of the above stipulation in the standard mortgage clause; and hence the cause must be remanded, to the end that this case may be consolidated with the case against the Atlas Company, and the rights of the parties adjusted according to the provisions of the respective policies.

New trial.