EDWARD W. SMITH, Respondent, *v.* THE NORTHERN INSURANCE COMPANY OF NEW YORK, Appellant, Impleaded with NINA VROOMAN and Another, Defendants.

EDWARD W. SMITH, Respondent, *v.* MILLER'S NATIONAL INSURANCE COMPANY OF CHICAGO, ILL., Appellant, Impleaded with NINA VROOMAN and Another, Defendants.

EDWARD W. SMITH, Respondent, *v.* THE EAST AND WEST INSURANCE COMPANY OF NEW HAVEN, CONN., Appellant, Impleaded with NINA VROOMAN and Another, Defendants.

Third Department, May 13, 1931.

*Del B. Salmon,* for the appellants.

*Morris Marshall Cohn* [*James H. Gould* of counsel], for the respondent.

HINMAN, J.   The facts are undisputed.   In November, 1929, the plaintiff made a real estate exchange with one Bishop.   They agreed to exchange insurance policies also.   Bishop informed the plaintiff that there were only three policies on the premises purchased by the plaintiff and these policies, containing the usual mortgage clause, were handed to the plaintiff.   At no time did Bishop mention to the plaintiff the existence of a further policy in the Glens Falls Insurance Company and another policy in the Standard Insurance Company which had been issued in Bishop's name, one of which was in the possession of the defendant Nina Vrooman, first mortgagee, and the other in the possession of the defendant Charles Buhrmaster, second mortgagee, and each of which contained the usual mortgage clause providing for payments to the mortgagees, " as interest may appear " and for subrogation of the insurance company to the rights of the mortgagees to the extent of such payment.   These two policies continued in the possession of the mortgagees until after a fire totally destroyed the property on February 1, 1930, and the plaintiff had no knowledge of their existence until after the fire.   Shortly after the exchange of the properties the plaintiff conferred with the insurance agent who had issued two of the policies handed to him by Bishop.   The agent informed him that one of the policies was void, transferred the other policy for $1,000 to the plaintiff by indorsement, and wrote an additional policy of $2,700 to the plaintiff on the real estate with mortgage clause attached and covering the plaintiff's personal property to the extent of $2,000.   The third policy handed to the plaintiff by Bishop, for $800, was likewise transferred to the plaintiff by indorsement.   This made total insurance issued in the name of the plaintiff of $4,500 on the real estate, and $2,000 on the per-

sonalty. The same mortgage clause was in all of the policies, the Glens Falls and Standard included. Interest on the mortgages was payable monthly and each month after the exchange of properties with Bishop the plaintiff had paid the interest to the mortgagees, thus informing the mortgagees of the change of ownership. The mortgagees failed to notify the Glens Falls Insurance Company or the Standard Insurance Company of the change of ownership. The loss on the real estate was appraised at $4,970.90 and on the personal property at $1,897. Since the total face value of the policies of the three defendant insurance companies was $4,500 on the real estate and less than the appraised loss thereon, each defendant insurance company was sued for the face of its policy and the court below has directed a verdict in favor of the plaintiff against each defendant insurance company for the face of its policy. The insurance on the personal property is not involved upon the appeals.

The defendant insurance companies contend that the policies of the Glens Falls Insurance Company of $2,000 on the buildings and the Standard Insurance Company of $1,000 on the buildings, issued to the previous owner of the property and never indorsed over to the plaintiff and the companies not notified of the change of ownership and the existence of which was unknown to the plaintiff until after the fire, should be considered as raising the total insurance to $7,500, and that, therefore, the defendant insurance companies should pay only a proportionate part of the loss based upon the alleged larger coverage.

The provision of all the policies upon which this contention is based reads as follows: " This company shall not be liable for a greater proportion of any loss or damage than the amount hereby insured shall bear to the whole insurance covering the property, whether valid or not, and whether collectible or not." Another provision of each policy is that the entire policy shall be void, unless otherwise provided by agreement in writing added thereto, " if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance." The mortgage clause attached to all of the policies contained a provision to the effect that the policy should be void even as to the mortgagee unless the mortgagee " shall notify this company of any change of ownership " and also provided for subrogation of the insurance company to the right of the mortgagee to the extent of any payment to the mortgagee.

It is the contention of the plaintiff that the policies of the Glens Falls Insurance Company and Standard Insurance Company are (1) void as to the plaintiff because they were never indorsed over to him and no relationship of any kind exists between him and

these companies; and (2) void as to Bishop, named as insured therein, because Bishop was no longer the owner; and (3) void as to the defendant mortgagees, because they knew of the change of ownership before the fire and failed to notify the companies; and that such void insurance could not have been contemplated by the parties as a part of the " whole insurance covering the property," because it existed without his knowledge or consent. There is some support for this contention. (Couch Ins. §§ 1049, 1059; *Galantschik* v. *Globe Fire Ins. Co.*, 10 Misc. 369; *Mayes* v. *National Union Fire Ins. Co.*, [Mo. App.] 257 S. W. 141; *Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410, 415.) The phrase " valid or not " in the *pro rata* liability clause of the policies " is generally sustained as valid and binding, at least, if not applied to void insurance, but has not had the effect of removing all doubt as to the operation of the condition." (Couch Ins. § 1060-a; 14 R. C. L. 1310; 6 Cooley Briefs on Ins. [2d ed.] p. 5119; *Webb* v. *Concordia Fire Ins. Co.*, 167 Mich. 144; 36 L. R. A. [N. S.] 350.) We need not rest our decision, however, on either the absence of knowledge or consent or upon the theory that policies void by their own terms constitute no insurance upon the premises.

The real question in the case seems to resolve itself into this: Does the phrase " the whole insurance covering the property," relate only to insurance in favor of the same assured, on the same interest? There may be " as many several insurances upon the same property as there are separate interests." (*DeWitt* v. *Agricultural Ins. Co.*, 157 N. Y. 353, 360.) An insurable interest is vested in the vendor, the vendee, the mortgagor or the mortgagee and others having a separate interest and each may insure his own distinct insurable interest. The thing insured is not the property described, but the interest or estate of the insured therein. (*Traders' Ins. Co.* v. *Robert*, 9 Wend. 404; *Ætna Fire Ins. Co.* v. *Tyler*, 16 id. 385; *Mutual Safety Ins. Co.* v. *Hone*, 2 N. Y. 235; *Lowell Mfg. Co.* v. *Safeguard Fire Ins. Co.*, 88 id. 591, 597; *Home Ins. Co. of New York* v. *Koob*, 113 Ky. 360; 58 L. R. A. 58, 60.) " Double insurance * * * is where two or more insurances are made in favor of the same assured, on the same interest, in the same subject, against the same risks." (1 Phillips Ins. [5th ed.] § 359.) " Other insurance " must be on the same interest, and insurance obtained by a third person upon another distinct insurable interest does not constitute " other insurance " within the meaning of an apportionment clause. (6 Cooley Briefs on Ins. [2d ed.] p. 5125.) As stated in Ruling Case Law, the phrase " any other insurance on the property insured, made prior or subsequent to the policy," as used in a *pro rata* liability clause, " applies only to cases where

the insurance covers the same interests, and can have no application to insurance obtained upon another distinct insurable interest in the property." (14 R. C. L. 1310.) Insurance effected by the vendor of property before sale and not assigned to the purchaser is not " other insurance " within the meaning of an apportionment provision in a subsequent policy issued to the vendee. (*Ætna Fire Ins. Co.* v. *Tyler, supra; Newark Fire Ins. Co.* v. *Turk*, [C. C. A. 3d Cir.] 6 F. [2d] 533.) That the interests of mortgagor and mortgagee with respect to insurance are quite distinct is generally recognized by the decisions and is brought out with especial clearness in *Home Ins. Co. of New York* v. *Koob* (*supra*) and *Newark Fire Ins. Co.* v. *Turk* (*supra*). A mortgagee clause of a policy, providing for payment of indemnity to the mortgagee in the event of loss, creates a separate and distinct agreement between the insurer and mortgagee, binding even after the insured owner has alienated his property. (*Newark Fire Ins. Co.* v. *Turk, supra.*) But even though effective as to the mortgagee, it is not counted as coinsurance with insurance policies procured by the grantees containing a provision limiting liability of the insurers to such proportion of any loss as " the amount hereby insured shall bear to the whole insurance covering the property, whether valid or not, and whether collectible or not." (*Newark Fire Ins. Co.* v. *Turk, supra.*) The insurance thus effective to the mortgagees, assuming it to be valid and alive, does not inure to the mortgagor beneficially by reducing his mortgages in the event of payment of loss to the mortgagees. Under the usual mortgage clauses the insurance companies paying such loss would be subrogated to the rights of the mortgagees against the property. (*Newark Fire Ins. Co.* v. *Turk, supra.*) Thus a mortgagor and a mortgagee may each insure his interest and neither policy will be within the meaning of the clause as to other insurance. (*Traders' Ins. Co.* v. *Robert*, 9 Wend. 404; *Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410, 415.) We construe the term of the policy, " the whole insurance covering the property," to relate to the insured's interest in the property described. The defendant insurance companies issued the only policies covering the interest of the plaintiff. The other policies covered only the interests of the previous owner and the mortgagees and were not a part of the " whole insurance covering the property " within the terms of the policies issued to the plaintiff.

The judgments should be affirmed, with costs of one appeal.

All concur.

Judgments affirmed, with costs in one action.