JACOB LIPSITZ, Plaintiff, *v.* UNION INSURANCE SOCIETY, LIMITED, OF LONDON, ENGLAND, and Another, Defendants.

Supreme Court, Erie County, December 20, 1933.

*Joseph Roemhild, Jr.,* for the plaintiff.

*Locke, Babcock, Hollister & Brown [Hugh McM. Russ* of counsel], for the defendant insurance company.

*Knibloe & Lipsitz,* for the defendant Garbarsky.

HORTON, J. This is an action to recover upon a fire insurance policy for loss upon premises at 89 Locust street, Buffalo.

The plaintiff is the owner of a second mortgage upon the premises, by the terms of which the mortgagor was required to insure the property for the benefit of the mortgagee. Insurance policies upon the property were as follows: Milwaukee Mechanics, and Patriotic, for $500 and $1,000, respectively, insuring Max Garbarsky, owner, loss payable to Irish American Savings and Loan Association, first mortgagee, and to Jacob Lipsitz (plaintiff), second mortgagee, as interest might appear; Union Insurance Society, Ltd., of London, England (defendant) for $1,500, insuring Max Garbarsky, owner, loss payable to Jacob Lipsitz (plaintiff), as second mortgagee, as interest might appear.

Upon appraisal after the fire the sound value of the premises was put at $2,000 and the loss at $1,342.41.

Proofs of loss were filed against all three companies. Plaintiff contends in this action that since the insurance issued by the defendant was applied and paid for by him and was payable to him alone, he is entitled to recover the full amount of the loss; that the first mortgagee is entitled to recover the same amount upon the other two policies, and that upon payment these companies would then become subrogated to the rights of the mortgagees to the extent of the insurance paid, so that the owner of the premises would not be receiving double indemnity for his loss. The defendant, on the other hand, contends that it is liable only for its proportion of the total loss, or $671.21.

There is no doubt that the mortgagee clause in the policy makes a separate and independent contract between the defendant and the plaintiff and that plaintiff takes the same benefit from the insurance as if he had received a separate policy free from the conditions imposed upon the owner. (*Hastings* v. *Westchester Fire Ins. Co.*, 73 N. Y. 141; *Eddy* v. *London Assurance Corp.*, 143 id. 311, 322; *Goldstein* v. *National Liberty Ins. Co.*, 256 id. 26, 32; *Heilbrunn* v. *German Alliance Ins. Co.*, 140 App. Div. 557, 559; affd., 202 N. Y. 610.)

The policies, however, also contained the usual standard clause as to other insurance as follows: " This Company shall not be liable for a greater proportion of any loss or damage than the amount hereby insured shall bear to the whole insurance covering the property whether valid or not and whether collectible or not."

Where, in pursuance of the obligation imposed upon him by plaintiff's mortgage, the owner has procured other insurance for the benefit of the plaintiff, this clause of the policy should apply and plaintiff should be entitled to recover only the proportionate

share of the loss from the defendant in this action; and where the owner is thus fulfilling the terms of its covenant with the plaintiff, actual knowledge by plaintiff of the other insurance should not affect his rights or the defendant company's liability as to this.

Under this view, the defendant becomes liable here for one-half the total loss, or $671.21. This conclusion involves no question of double payment or subrogation but makes this insurance policy exactly what it was intended to be — indemnity for loss to an insurable interest. (See *Savarese* v. *Ohio Farmers Ins. Co.*, 260 N. Y. 45, 62.)

The court finds no fraud on the part of the insured and, therefore, directs judgment for the above amount in favor of the plaintiff, with taxable costs.