**Arnold GOODMAN, Plaintiff, Appellant,**

v.

**QUAKER CITY FIRE AND MARINE INSURANCE COMPANY, Defendant, Appellee.**

**No. 5328.**

United States Court of Appeals
First Circuit.

May 7, 1958.

Rehearing Denied June 2, 1958.

Robert M. Morrison, Boston, Mass., for appellant.

Charles W. O'Brien, Boston, Mass., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal by the plaintiff from a summary judgment entered by the United States District Court for the District of Massachusetts on November 25, 1957 in the amount of $1,700.37. Plaintiff claims that he is entitled to recover judgment for $5,101.00 on a fire insur-

ance policy issued by the defendant company. Another phase of this case was previously before this court in Goodman v. Quaker City Fire & Marine Insurance Co., 1 Cir., 1957, 241 F.2d 432 wherein we held that the defendant insurer could not escape liability on its fire insurance policy because of insufficient notice of a fire loss.

We are now called upon to determine the effect upon the plaintiff's right of recovery of the following clause contained in the insurance policy issued by the defendant: "This company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved."

The necessity for the construction of the above clause was brought about by the following circumstances. On June 20, 1951 John and Ruth Jenkins executed a mortgage to the Brighton Co-operative Bank on certain real property located in Roxbury, Massachusetts, securing their note for $6,000. Subsequently a second mortgage was given to Carl Goodman on this property. At some time prior to August 5, 1953 the second mortgage was foreclosed. However, on that date, August 5, 1953, the bank secured from the defendant a renewal of its previous insurance policy on the property. At the time of the fire, October 13, 1953, which resulted in damage of $16,839 to the insured property, this policy was in the name of John and Ruth Jenkins in the amount of $6,000 with the loss payable to Brighton Co-operative Bank, first mortgagee, and Carl Goodman, second mortgagee.

On April 1, 1953 following the foreclosure of the second mortgage, Carl Goodman secured a policy from the Federal Insurance Company insuring his interest as second mortgagee in possession for $3,000. Subsequently Carl Goodman transferred his equity of redemption to Rosalyn Rose and the Federal policy was assigned to her September 2, 1953. The amount of insurance in this policy was increased to $12,000 and the loss payable clause was amended so as to be payable to the Brighton Co-operative Bank, first mortgagee, and Milton Goodman, second mortgagee. Following the fire, the plaintiff, Arnold Goodman, gave the Brighton Co-operative Bank his check for $5,386.12 and received from the bank the Jenkins note which had been endorsed generally and without recourse by the bank, an assignment of the first mortgage and an assignment of the defendant's policy. At the time of the fire the unpaid balance on the note and mortgage was $5,101.

The plaintiff brought suit for the sum of $5,101 plus interest, but the court below decided that because of the inclusion of the above quoted contribution clause in the defendant's policy, which clause is set forth in Mass.Gen.Laws, c. 175, § 99, as amended, Stat.1951, c. 478, the plaintiff was entitled to only one-third of the $5,101 or $1,700.37 plus interest, as the defendant could not be held liable for more than one-third of the loss of the plaintiff's assignor in view of the existence of other insurance in the amount of $12,000.

In 1951 the Massachusetts Legislature amended the Massachusetts standard form policy and the contribution clause appearing in the policy now in issue was adopted. The phraseology of this clause is similar to that employed in the New York Standard Form fire policy and because of the absence of any Massachusetts precedent concerning its construction, the interpretation given to it by the courts of New York and of other states where it has been in issue will be given great weight.

In a leading case concerning the interpretation of this clause, Eddy v. London Assur. Corp., 1894, 143 N.Y. 311, 38 N.E. 307, 25 L.R.A. 686, it was held that an insurance company's liability on its policy to a mortgagee named in the loss payable clause could not be prorated because of the act of the owner of the property in taking out another insurance policy solely for his own benefit. The policy in issue in that case, as does the one issued by the defendant in the instant case, contained a provision protecting the mortgagee

from any act or default of any person other than such mortgagee or his agent or those claiming under him. It was held that "The plain and obvious meaning of the language is that the insurance of the mortgagee should not be affected or in any wise impaired or lessened by any act or neglect of the owner. * * * (T)he insurance of the mortgagee is not, in effect or substance, to be even partially invalidated,—i.e. reduced in amount,—and to that extent impaired and weakened by any act of the owner unknown to the mortgagee." Supra, 143 N.Y. at pages 322, 324, 38 N.E. 309, 310.

Although the holding in the Eddy case is not determinative of the particular issue presented here, the reasoning of the New York Court of Appeals, in determining the extent of the protection to be given the mortgagee where two insurance policies on the mortgaged property are in existence, is helpful to us in the instant case. In its opinion that court so strongly emphasizes that the mortgagee secured no benefit by the second policy of insurance that it is appropriate to quote its exact language on the subject, 143 N.Y. at page 325, 38 N.E. 310:

"The act of obtaining this additional insurance was the act of the owner, and it was unknown to the mortgagee, and of course not consented to by him. The additional insurance could by no possibility benefit him, as it was not upon any interest of his in the property. He could not, therefore, resort to any of these additional policies for his indemnity. It is not a case of contribution in any sense, but simply one, on the insurers' theory, of diminution of their liability, caused by the act of the owner and unknown, and with no possible corresponding benefit to the mortgagee. As a general principle, it is settled that, before this apportionment of the loss between different companies can be demanded, the different policies must have been upon the same interest in the same property or some part thereof."

■ It is thus clearly seen that in the Eddy case the defendant insurer was not allowed to lessen its liability to the mortgagee where the second policy insuring the mortgaged property did not even mention the mortgagee's interest and the proceeds of which were not payable to the mortgagee. In the instant case, however, the mortgagee was mentioned in the loss payable clause in the second insurance policy, and his interests could have been fully protected if he had sought indemnity from that insurer as well as from the defendant. In both policies the interest of the mortgagee in the same property was insured against the same risk, thus without doubt creating a situation appropriate for a proportionate division of the indemnification of the mortgagee's loss between the two insurers as set forth in the contribution clause contained in both policies.

Smith v. Northern Ins. Co. of New York, 3d Dep't 1931, 232 App.Div. 354, 250 N.Y.S. 30, cited by the plaintiff is certainly not contrary to our interpretation of the contribution clause for while the court there held that contribution was not proper in the situation before it, the basis of its holding was that the insurance policies concerned did not insure the same interest, i. e. insurance which insured the interest of the mortgagee alone was of no benefit to the owner of the property who was the plaintiff in that case and could not be utilized by the property owner's insurer in order to reduce its liability. Accord, Lipsitz v. Union Ins. Soc., Limited, Sup.Ct.1933, 149 Misc. 809, 268 N.Y.S. 179; Newark Fire Ins. Co. v. Turk, 3 Cir., 1925, 6 F.2d 533, 43 A.L.R. 496.

Our decision holding that contribution is appropriate as between the defendant's policy and that of the Federal Insurance Company is supported by the decision in Federal Land Bank v. Globe & Rutgers Fire Ins. Co., 1924, 187 N.C. 97, 121 S.E. 37. In that case it was held that the insurer of the first mortgagee was entitled to contribution because of the existence of a second insurance policy taken out by a subsequent owner of the

mortgaged property, and because in this second policy, as is true of the Federal insurance policy in the case at bar, the loss payable clause mentioned the first mortgagee as well as the second mortgagee.

A judgment will be entered affirming the judgment of the district court.