No. 22157.

Republic Insurance Company *v.* The United States Fire Insurance Company.
(444 P.2d 868)

Decided September 3, 1968.

514

ROBINSON & HENDERSON, for plaintiff in error.

YEGGE, HALL, TREECE & EVANS, JOHN R. TRIGG, for defendant in error.

*En Banc.*

MR. JUSTICE McWILLIAMS delivered the opinion of the Court.

THIS writ of error presents a question as to whether there is such "double insurance" as would entitle one insurance company to contribution from another insurance company.

The significant facts are not in dispute and are summarized as follows:

1. On December 11, 1961 the Republic Insurance Company, hereinafter referred to as Republic, issued an insurance policy in the face amount of $14,600 insuring for a period of five years the interest of one Dave H. Perlmutter in the property known as 6563 South Downing Street, situate in Arapahoe County, with the World Savings & Loan Association named in the mortgage clause of the policy;

2. On January 20, 1962 Perlmutter sold the property in question to Dennis and Sharon Majors and conveyed to them his interest in the aforesaid property by warranty deed;

3. Perlmutter, however, did *not* assign, or attempt to

assign, the Republic insurance policy to the Majors, nor did he terminate, or attempt to terminate, the policy;

4. On January 20, 1962, contemporaneously with the purchase of the property at 6563 South Downing Street, United States Fire Insurance Company, hereinafter referred to as United, issued an insurance policy in the face amount of $14,600 insuring the interest of the Majors in the South Downing property, with World Savings & Loan Association named as the first mortgagee and Perlmutter's Homes, Inc., named as the second mortgagee;

5. Both of the policies above referred to contained apportionment clauses as well as so-called standard mortgage clauses; and

6. On September 21, 1962 a fire occurred at 6563 South Downing Street damaging the real property located thereon, and as a result of the loss occasioned by said fire United paid the Majors the sum of $10,286.55 for damages to their real property.

It was in this factual setting that United made claim against Republic, seeking contribution from Republic for 50% of the amount which United had theretofore paid the Majors for the latter's loss occasioned by the aforementioned fire. Republic denied liability, but upon trial of this matter the trial court entered judgment in favor of United and against Republic in the sum of $5,143.28, such sum representing one-half of the total amount which United had theretofore paid the Majors. In support of his disposition of the controversy, the trial judge made the following finding and conclusion:

"A sufficient identity of interest exists as between the two insurance policies here involved to warrant the conclusion that the plaintiff herein, the United States Fire Insurance Company, is entitled, as a matter of law, to proportionate contribution from the defendant, Republic Insurance Company. . . ."

By writ of error Republic now seeks reversal of the judgment thus entered against it.

██ As indicated, the basic issue to be resolved is whether this is truly a case of double insurance. Where there is so-called double or concurrent insurance, with two or more policies providing the same or duplicating coverage, the right of contribution has been held to exist between such insurers. Couch on Insurance 2nd § 62:147. However, contribution between two insurance companies cannot be enforced "unless the policies cover the same interest in the same property in favor of the same parties against the same casualty or risk." Couch on Insurance 2d § 62:161. In other words, there must be an identity between the policies as to parties, and the insurable interests and risks. And, as was stated in 6 J. Appleman, Insurance Law and Practice § 3902 (1965): "Contribution is a principle sanctioned in equity, and arises between co-insurors only, *permitting one who has paid the whole loss to obtain reimbursement from other insurers who are also liable therefor.*" (Emphasis added.)

██ Application of this general rule to the facts of the instant case would seem to indicate at once that this is simply not a true case of double insurance because of the obvious lack of identity of parties to the two insurance policies, as well as a lack of identity as to the insurable interests of each. Republic issued its policy of insurance to Perlmutter, who was the named insured; whereas United issued its policy of insurance to Majors, who were the named insureds in that particular policy. The named insureds not being the same in each policy, it cannot be said that the parties to the two policies with which we are here concerned are the same or identical. Hence, the right of contribution cannot be enforced. Furthermore, inasmuch as United has merely discharged its own undisputed contractual obligation to the Majors by payment of the sum of $10,286.55, it would seem a bit unfair to permit that company to now obtain contribution to the tune of $5,143.28 from Republic, *which company under the admitted facts had no contractual obligation of any nature to the Majors.*

■ In urging us to uphold the judgment of the trial court, United relies strongly upon the fact that each of the two policies contains an apportionment clause, as well as the standard mortgage clause, and that World Savings & Loan Association is designated in each insurance policy as the mortgagee. It is this fact, claims United, which completely justifies the conclusion of the trial court that there was "sufficient identity of interest" between the policies issued by United and Republic to warrant contribution.

Our attention has not been directed to any Colorado authority bearing on the precise point thus raised by United. In support of its contention that this is double insurance because the same mortgagee is named in each of the two insurance policies with which we are here concerned, United relies strongly upon the general line of reasoning enunciated in *Goodman v. Quaker City Fire & Marine Insurance Company*, 254 F.2d 844. In our view, however, the *Goodman* case is to be distinguished from the instant one.

In the *Goodman* case, as we understand it, the mortgagee of certain real property, a bank, secured an insurance policy on the mortgaged property. It developed that a second policy of insurance was later taken out by a second mortgagee and in this latter policy the bank was designated as the mortgagee in a loss payable clause. A fire then occurred which damaged the property. The first mortgagee, namely, the bank, then brought a suit on the policy of insurance secured by it on the property. In holding that the first insurer was only liable for its pro rata share of the total insurance on the property, the United States Court of Appeals, First Circuit, stated as follows:

"In both policies the interest of the mortgagee in the same property was insured against the same risk, thus without a doubt creating a situation appropriate for a proportionate division of the *indemnification of the mortgagee's loss* between the two insurers as set forth in the

contribution clause contained in both policies. (Emphasis added.)

So, in the *Goodman* case contribution was in effect decreed in the situation where the *mortgagee* brought suit against an insurance company from which it had secured a policy of insurance for its (the mortgagee's) loss, and it was then established that there was another insurance policy in effect which also insured the interest of the mortgagee in the same property against the same risk. This is different than the instant case where from the stipulated facts it would appear that the mortgagee, the World Savings & Loan Association, has never even made any claim against either United or Republic for any loss or damage occasioned it by the fire. Hence, United is not seeking contribution for "a proportionate division of the indemnification of the mortgagee's loss" but on the contrary is seeking contribution for its insured's loss.

In resisting this contention that there is double insurance with a right to contribution because World Savings & Loan Association is named as the mortgagee in each insurance policy, Republic relies upon the reasoning enunciated in *Newark Fire Insurance Company v. Turk,* 6 F.2d 533, Annot., 43 A.L.R. 496 and *Smith v. Northern Insurance Company of New York,* 232 App. Div. 354, 250 N.Y.S. 30. Admittedly neither of these cases is on all fours with the instant one, but the reasoning contained in each is to us persuasive and leads us to conclude that the instant case is not one of double insurance with a right of contribution. Both of these cases emphasize that the mortgagor and the mortgagee of property have separate and distinct insurable interests. In *Newark Fire Insurance Co. v. Turk, supra,* the United States Court of Appeals, Third Circuit, stated that contribution could not be enforced between two insurance companies unless their respective policies covered the same interest and noted that the sale of insured property did not convey with it a policy of insurance issued on

such property. That court went on to hold that after the sale of the insured property, the grantee, in the absence of an assignment, could not recover on such policy because the insurer had no contract with him. And this is so, according to that court, even though the policy contained a mortgage clause providing for payment of indemnity to the mortgagee in event of loss, and even though the grantee had himself taken out other insurance policies which had similar mortgage clauses.

In *Smith v. Northern Insurance Company of New York, supra,* it was held that the mortgage clause of an insurance policy constitutes a separate agreement between the mortgagee and the insurer and is not to be considered as co-insurance with other policies of insurance procured by grantees of the mortgaged property.

Suffice it to say that our examination of the authorities cited leads us to conclude that this is not a case of double insurance with a right to contribution. To permit contribution in the instant case would mean that Republic, which has *no* obligation to the Majors, would be required to pay one-half of United's obligation to the Majors.

The judgment is reversed and the cause remanded with direction that judgment be entered in favor of Republic.

MR. CHIEF JUSTICE MOORE dissenting.

MR. JUSTICE DAY not participating.